Frank TAYLOR, Janet Taylor, Kenneth Smith, Sheri Smith, Elizabeth Ann Baay, Deborah Moretti, Plaintiffs,

v.

BUREAU OF INDIAN AFFAIRS, Defendant.

No. 03 CV 1819–LAB BLM.

United States District Court, S.D. California.

July 9, 2004.

Christopher Larsen, Larsen and Crickmore, Encinitas, CA, for Plaintiff.

U.S. Attorney CV, San Diego, CA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

BURNS, District Judge.

Defendant Bureau of Indian Affairs ("BIA") brought a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and (7) for failure to state a claim upon which relief can be granted and for failure to join a party under Rule 19 respectively. Plaintiffs opposed the motion, and the BIA replied. For reasons stated below, the Court finds that Plaintiffs failed to join a party indispensable to a large part of their claims, and failed to state a cause of action pursuant to the Indian Civil Rights Act and for a Fifth Amendment due process violation. Accordingly, the BIA's motion to dismiss is **GRANTED,** and Plaintiffs are granted **LEAVE TO AMEND** the complaint with

respect to the alleged due process violation only.

### FACTUAL AND PROCEDURAL BACKGROUND [1]

Plaintiffs brought this action pursuant to the Administrative Procedures Act ("APA"), Title 5, United States Code, Section 702 *et seq.* in response to the BIA's Written Notice of Intent to Impound Plaintiffs' cattle (the "Impound Notice"). Plaintiffs' cattle were allegedly grazing on land belonging to the Los Coyotes Band of Indians (the "Band"). Plaintiffs seek to set aside the BIA's determination to impound their cattle, and to enjoin the BIA from taking further action with respect to the Impound Notice.

Plaintiffs reside on the Los Coyotes Indian Reservation (the "Reservation") and on privately-owned property within the Reservation boundaries. Plaintiffs claim that they and their predecessors in interest have grazed their cattle on the Reservation for fifty years or more. They allege that the Band recently directed the BIA to impound their cattle, and that the BIA issued the Impound Notice without any hearing, evidence or review of any action, ordinance or enactment of the Band.

Plaintiffs claim that the BIA's action violates their Fifth Amendment right against taking of private property without just compensation and violates their equal protection and due process rights by disregarding a prior BIA determination that Plaintiffs' ancestor was adopted by the Band.[2] Plaintiffs further claim that the BIA action was arbitrary, capricious and an abuse of discretion in violation of Plaintiffs' constitutional rights because, as members of the Band, Plaintiffs are allowed to graze their cattle on the Reserva-

tion, and because it is impossible for them to contain the cattle on their property. As to impossibility, they claim that BIA Route 43 runs through their property, allowing the cattle to escape, and that they are prohibited by law from installing a cattle guard or any other structure without prior BIA approval.

Plaintiffs acknowledge that there is a dispute between them and the Band regarding their status as members of the Band. Plaintiffs claim that they (except for Janet Taylor and Kenneth Smith) are lineal descendants of Banning Taylor. The validity of Banning Taylor's adoption into the Band was determined in 1979. Plaintiffs allege that they were enrolled members of the Band until 2001, when the Band adopted the Membership Act. Plaintiffs claim that the adoption of the Membership Act was in violation of the Indian Civil Rights Act, Title 25, United States Code, Section 1302 ("ICRA") because the Band excluded them from attending tribal meetings, refused to count their votes, and now seeks to take their property without just compensation.

### DISCUSSION

The BIA's motion is based on the proposition that the Band is an indispensable party pursuant to Rule 19, without which this action cannot proceed. As the Band enjoys sovereign immunity, the BIA contends, it cannot be joined, and this action must be dismissed. Plaintiffs provide only a cursory response to the BIA's extensive Rule 19 arguments. The thrust of Plaintiffs' opposition is that they are not asserting any claims against the Band and that their only claim in this Court is the BIA's failure to hold hearings or consider evidence before deciding to impound Plain-

---

1. At this stage of proceedings, the facts are derived entirely from Plaintiffs' complaint.

2. Attached to the complaint is a 1979 BIA determination that Banning Taylor, Plaintiffs'

alleged ancestor, was adopted by the Band in 1934 in the absence of fraud or improper procedure, and in the alternative, that any challenge to the adoption was barred by the statute of limitations or laches.

tiffs' cattle. Plaintiffs contend that the Band need not be joined in this action to determine the due process issue.

The Court finds that Plaintiffs' complaint in large part directly implicates the Band's decision regarding their membership. The Court therefore finds that the Band is an indispensable party to the claims which hinge on Plaintiffs' membership, and dismisses those claims with prejudice. In addition, the Court finds that Plaintiffs do not have a private right of action pursuant to the ICRA, and their ICRA claim is also dismissed with prejudice. Last, the complaint and the attached exhibits suggest that the BIA provided Plaintiffs with an opportunity to be heard prior to issuing the Impound Notice. Accordingly, Plaintiffs' Fifth Amendment due process claim is dismissed with leave to amend.

## I. Failure to Join an Indispensable Party

Large portions of Plaintiffs' complaint, including their claims of "Inapplicability" and "Violation of Civil Rights," are based on the contention that they are or should be Band members. The BIA contends that the Band is therefore an indispensable party to this action pursuant to Rule 19, and that the action should be dismissed pursuant to Rule 12(b)(7). Rule 19 mandates a two-step analysis:

We first ask whether ... an absent party is "necessary to the suit." If so, and if that party cannot be joined, we then must assess whether ... the party [is] "indispensable" so that in "equity and good conscience" the suit should be dismissed. The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application. The moving party has the burden of persuasion in arguing for dismissal.

*Clinton v. Babbitt,* 180 F.3d 1081, 1088 (9th Cir.1999)(internal quotation marks and citations omitted).

As the first step, Rule 19(a) requires, if feasible, the joinder of parties who meet either of the following two criteria:

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The Court finds that the Band meets both criteria of Rule 19(a). "Indian tribes are necessary parties to actions affecting their legal interests." *Confederated Tribes of the Chehalis Indian Reservation v. Lujan,* 928 F.2d 1496, 1499 (9th Cir.1991). The "interest" referenced in Rule 19(a)(2) is broadly construed to cover any "significantly protectable" or "legally protectable" interest in the subject of the litigation. *See Makah Indian Tribe v. Verity,* 910 F.2d 555, 558 (9th Cir.1990); *see also Am. Greyhound Racing v. Tucson Greyhound Park, Inc.,* 305 F.3d 1015, 1023 (9th Cir.2002)(the interest need not be a property right). Indian tribes have an interest in determining their membership, and federal courts have no power to pass on the validity of Indian tribes' enactments regarding membership. *See Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 72 n. 32, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978)("A tribe's right to define its own membership for tribal purposes has long been recognized as central to its existence as an independent political community").[3]

---

**3.** In addition, "absent tribes have an interest in preserving their own sovereign immunity,

with its concomitant right not to have [their]

A disposition of issues based on a claim of membership would, as a practical matter, impair the Band's ability to protect its interest in determining its membership. Because Plaintiffs' complaint is in large part based on their disputed assertion that they are or should be members of the Band, the Band meets the criterion of Rule 19(a)(2).

In addition, complete relief cannot be granted in this case as to the claims based on Plaintiffs' assertion of membership. Even if the Court enjoined the BIA from impounding Plaintiffs' cattle, the Band could still assert its right to deny membership and grazing rights to Plaintiffs. *See Confederated Tribes*, 928 F.2d at 1498 ("judgment against the federal officials would not be binding on the [tribe], which could continue to assert sovereign powers and management responsibilities over the reservation"). The Band therefore also meets the criterion of Rule 19(a)(1). In the absence of the Band as a party, the Court cannot decide any issues which are based on Plaintiffs' claim that they are or should be members of the Band.

■ Having determined that the Band meets the criteria of Rule 19(a), the Court must next consider whether joinder is feasible. "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo*, 436 U.S. at 58, 98 S.Ct. 1670. "Suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Pit River Home and Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1100 (9th Cir.1994) (citations and quotation marks omitted). Plaintiffs do not dispute that the Band is a federally-recognized Indian

tribe. Thus, unless the Band has "waived its sovereign immunity and expressly consented to suit," it cannot be joined as a party to this action. *See id.* at 1100–01. There is no indication in this case that the Band has given its express consent to be sued. The Court therefore finds that the Band is immune from suit and cannot be joined.

■ The inability to join an absent party that meets the Rule 19(a) criteria does not automatically require dismissal of the case. "The rule is that if the merits of the case may be determined without prejudice to [the absent party's rights], it will be done; and a court of equity will strain hard to reach that result." 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1609, at 130 & n. 9 (2nd ed.1986). Accordingly, if a party who meets the criteria of Rule 19(a) cannot be joined, the Court must consider in step two "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."

The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).[4]

legal duties judicially determined without consent." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir.1992) (citation and

quotation marks omitted, alternation in original).

4. "[S]ome courts have held that sovereign

■ The first factor of prejudice, "insofar as it focuses on the absent party, largely duplicates the consideration that made a party necessary under Rule 19(a): a protectable interest that will be impaired or impeded by the party's absence." *Am. Greyhound Racing*, 305 F.3d at 1024–25. The Band has a protectable interest in determining its own membership, and would be prejudiced if the Court adjudicated this issue as a part of Plaintiffs' action against the BIA. Although the Band could potentially intervene in this case, "the ability to intervene if it requires waiver of immunity is not a factor that lessens prejudice." *Confederated Tribes*, 928 F.2d at 1500; quoting *Makah Indian Tribe*, 910 F.2d at 560.

With regard to the second factor, the Court finds that Plaintiffs' claims against the BIA rest in large part on their contention that they are or should be Band members and therefore have a right to graze their cattle on the Reservation. If the Court adjudicated this dispute, it would inevitably interfere with the Band's interest in determining its membership. As to the claims based on Plaintiffs' membership, no relief or remedy could be fashioned in the Band's absence which would lessen the prejudice to the Band's interest in determining its own membership. *See Pit River*, 30 F.3d at 1101–02.

■ Third, there is no relief or remedy that would lessen the prejudice to the Band and still provide Plaintiffs adequate relief with respect to any claims which depend on their membership. *See Clinton*, 180 F.3d at 1090. In cases such as this, where complete relief cannot be awarded in the nonparty's absence, dismissal is proper even though the plaintiff only requests an order directing a federal agency to do or refrain from doing some

official act. *See Kescoli v. Babbitt*, 101 F.3d 1304 (9th Cir.1996)(relief sought against a federal agency which approved a settlement agreement of a mining permit among the mining company, the agency and two Indian tribes).

■ Fourth, if Plaintiffs' claims which implicate Band membership are dismissed for failure to join an indispensable party, then Plaintiffs will have no adequate remedy and no alternative forum available for those claims. "Lack of alternative forum does not automatically prevent dismissal." *Confederated Tribes*, 928 F.2d at 1500 quoting *Makah Indian Tribe*, 910 F.2d at 560. Although this factor ordinarily favors the plaintiffs, lack of adequate remedy is a "consequence of sovereign immunity, and the tribes' interest in maintaining their sovereign immunity outweighs the plaintiffs' interest in litigating their claims." *Am. Greyhound Racing*, 305 F.3d at 1025; *Clinton*, 180 F.3d at 1090.

Based on consideration of Rule 19(b) factors, the Court finds that the Band is an indispensable party to the claims which hinge on Plaintiffs' membership, and that these claims cannot proceed in the absence of the Band. *See, e.g., Clinton*, 180 F.3d 1081 (tribe indispensable party to an action seeking to prevent the Secretary of the Interior from approving certain land leases); *Kescoli*, 101 F.3d at 1310–11 (tribes indispensable parties in challenge to settlement agreement between the tribes, coal company and federal agency); *Pit River*, 30 F.3d at 1101–03 (tribe governing body indispensable party to claim by Indian families to beneficial ownership of land held in trust by the United States). Accordingly, Plaintiffs' claims based on the contention that they are or should be Band members are **DISMISSED WITH PREJ-**

---

immunity forecloses in favor of the tribes the entire balancing process under Rule 19(b), but [the Ninth Circuit has] continued to follow the four-factor process even with immune tribes." *Am. Greyhound Racing*, 305 F.3d at 1025.

UDICE for failure to join an indispensable party.

## II. The ICRA Claim

Plaintiffs' claim that the Impound Notice is arbitrary, capricious and abuse of discretion is based in part on the argument that the BIA knew that the Band's alleged actions in adopting the 2001 Membership Act and its subsequent efforts to persuade the BIA to impound Plaintiffs' cattle were in violation of the ICRA, Title 25, United States Code, Section 1302. In their opposition, Plaintiffs concede that they are not seeking any remedy in this Court for the Band's alleged ICRA violations. Plaintiffs' claim against the BIA for "Violation of Civil Rights" is based on the allegation that the BIA knew of the Band's ICRA violations but nevertheless issued the Impound Notice.

To the extent any of Plaintiffs' claims against the BIA are based on alleged ICRA violations, they are dismissed for the reasons stated above with respect to nonjoinder of an indispensable party and on the alternative ground that the ICRA does not provide Plaintiffs with a private right of action for injunctive or declaratory relief against the Band or the BIA. Dismissal on the alternative ground is warranted under Rule 12(b)(6), which provides for dismissal where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984); *see Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

In *Santa Clara Pueblo v. Martinez* the Supreme Court held that "Title I of the ICRA does not expressly authorize the bringing of civil actions for declaratory relief or injunctive relief to enforce its substantive provisions," and that the Act may not be "interpreted to impliedly authorize such actions, against the tribe or its officers, in the federal courts." 436 U.S. at 51–52, 98 S.Ct. 1670. The exclusive remedy for violations of section 1302 is a writ of habeas corpus pursuant to section 1303. *See id.* at 58, 69–70, 98 S.Ct. 1670 ("In 25 U.S.C. § 1303, the only remedial provision expressly supplied by Congress, the 'privilege of the writ of habeas corpus' is made 'available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe.' "); *see also Snow v. Quinault Indian Nation,* 709 F.2d 1319, 1323 (9th Cir.1983).

Plaintiffs do not contend in their complaint or in their opposition that the ICRA provides for remedies or rights of action against the BIA. The text of ICRA does not so provide. *See* 25 U.S.C. §§ 1301–1303. This is consistent with its central purpose "to secure for the American Indian the broad constitutional rights afforded to other Americans, and thereby to protect the individual Indians from arbitrary and unjust actions of tribal governments." *Santa Clara Pueblo,* 436 U.S. at 61, 98 S.Ct. 1670 (internal citation and quotation marks omitted). Accordingly, Plaintiffs' claim for "Violation of Civil Rights" is **DISMISSED WITH PREJUDICE** on the alternative ground that the ICRA does not provide them with a private right of action for relief they seek.

## III. The Due Process Claim

In their opposition Plaintiffs contend that the membership issue is not material to this action because their dispute is not with the Band but with the BIA for its failure to afford them due process. Plaintiffs' complaint in this regard is based on the contention that the BIA made a determination that Plaintiffs' cattle should be

impounded without holding any hearings or taking any evidence.

■ "Constitutional due process requires that a party affected by government action be given 'the opportunity to be heard at a meaningful time in a meaningful manner.'" *California ex rel. Lockyer v. Fed. Energy Regulatory Comm'n,* 329 F.3d 700, 708 n. 6 (9th Cir.2003) quoting *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). As the due process claim could conceivably be decided without encroaching on the Band's determination regarding Plaintiffs' membership, the Court examines its sufficiency pursuant to Rule 12(b)(6).

■ A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Navarro,* 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson,* 749 F.2d at 534; *see Neitzke,* 490 U.S. at 327, 109 S.Ct. 1827. Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson,* 749 F.2d at 534. In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981). When ruling on a motion

to dismiss, the court may consider documents attached to the complaint. *See Parrino v. FHP, Inc.,* 146 F.3d 699, 705–706 (9th Cir.1998).

The Impound Notice, attached to the complaint and stamped with a date of September 5, 2003, states that "[o]n October 3, 2002, you were notified that your livestock were grazing in trespass, and you were instructed to remove them." Plaintiffs do not allege, although they do not dispute, that they received the October 3, 2002 notice of trespass. Pursuant to the BIA regulations, a written notice to the alleged trespasser includes, among other things, a description of the corrective actions that must be taken and time frames for taking the corrective actions. 25 C.F.R. § 166.803(a). Within the time specified in the trespass notice, the alleged trespasser may contact the BIA "in writing to explain why the trespass notice is in error." 25 C.F.R. § 166.804(b). If the BIA determines that the trespass notice was issued in error, the notice is withdrawn. *Id.* Plaintiffs do not allege that the regulations pertaining to the trespass and impound notices on their face fail to provide them with due process. It therefore appears that the BIA affords alleged trespassers with due process.

Based in the text of the Impound Notice, is unclear whether Plaintiffs were timely notified of the procedure to dispute the trespass notice, or, if they were timely notified, whether they simply did not avail themselves of this procedure. Accordingly, Plaintiffs' due process claim is **DISMISSED WITH LEAVE TO AMEND** to clarify this issue.

### CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED WITH PREJUDICE** to the extent it is based on Plaintiffs' claim that they are or should be Band members, which includes their claims of "Inapplica-

bility" and "Violation of Civil Rights." The claim of "Violation of Civil Rights is **DISMISSED WITH PREJUDICE** on the alternative ground that the ICRA does not provide Plaintiffs with the right of action or remedies they seek." The Fifth Amendment due process violation is **DISMISSED WITH LEAVE TO AMEND** to clarify whether Plaintiffs were timely notified of the procedure to dispute the trespass notice and whether they availed themselves of this procedure. If Plaintiffs choose to amend their complaint, they must do so no later than 30 days after the filing date of this order.

**IT IS SO ORDERED.**