**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CEDARS-SINAI MEDICAL CENTER, a
non-profit California Corporation,
    *Plaintiff-Appellant,*

v.

NATIONAL LEAGUE OF
POSTMASTERS OF THE UNITED
STATES, a District of Columbia,
corporation doing business as PBP
Health Plans,
    *Defendant-Appellee.*

No. 05-55710

D.C. No.
CV-05-01775-RGK

OPINION

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted
April 11, 2007—Pasadena, California

Filed August 10, 2007

Before: Harry Pregerson, Circuit Judge,
Ferdinand F. Fernandez, and Eugene E. Siler, Jr.,*
Senior Circuit Judges.

Opinion by Judge Pregerson

*The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge
for the Sixth Circuit, sitting by designation.

## COUNSEL

Leo Luevanos (brief) and Barry Sullivan (argued), Law Offices of Stephenson, Acquisto & Colman, Burbank, California, for the plaintiff-appellant.

Robert C. Bohner (brief) and Michael L. Flowers (argued), Sedgwich, Detert, Moran & Arnold, LLP, Los Angeles, California, for the defendant-appellee.

## OPINION

PREGERSON, Circuit Judge:

Plaintiff Cedars-Sinai hospital brought suit in California Superior Court against Defendant National League of Postmasters of the United States, doing business as PBP Health Plans ("PBP Health"). Cedars-Sinai alleged that it had provided services to a patient insured by PBP Health's health care plan but that PBP Health did not reimburse Cedars-Sinai according to the terms of their contract.

PBP Health removed the matter to federal court, asserting diversity and federal question jurisdiction, and then promptly moved to dismiss the action on the basis that Cedars-Sinai's claims were preempted. The district court granted the motion to dismiss, finding that Cedars-Sinai's claims were preempted by the Federal Employee Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901, et seq., and that Cedars-Sinai had failed to exhaust FEHBA's administrative remedies. Cedars-Sinai appealed. We have jurisdiction under 28 U.S.C. § 1291. For the reasons set forth below, we reverse the district court.

## BACKGROUND

### I. Factual Background

Cedars-Sinai is a licensed hospital and non-profit California corporation. PBP Health is a professional organization

that administered a federal health benefit plan ("the Plan"). The Plan was created pursuant to FEHBA, which authorizes the U.S. Office of Personnel Management ("OPM") to contract with insurance carriers to provide health benefits for federal employees. The Plan was formed by contract between OPM and PBP Health. Under the terms of the contract, PBP Health was the administrator of the Plan and was responsible for managing and paying claims for benefits owed to enrollees. Cedars-Sinai and PBP Health entered into a separate contract that governs the payment of services rendered by Cedars-Sinai to members of the Plan.

On four separate occasions between October 18, 2001, and January 24, 2002, patient "S.M.," an enrollee and participant in the Plan, went to Cedars-Sinai for treatment. On all four occasions, PBP Health verified that S.M. was a Plan participant and authorized Cedars-Sinai to perform medical services. Cedars-Sinai submitted claims totaling $742,217.93, but PBP Health paid only $168,947.44. S.M. passed away on February 16, 2002.

## II.   Procedural History

On January 7, 2005, Cedars-Sinai filed a complaint against PBP Health in state court alleging: (1) breach of contract; (2) negligent misrepresentation; (3) common count for work, labor, and services; and (4) relief against forfeiture. Cedars-Sinai contends that PBP Health refused to compensate it for the medical services, supplies, and/or equipment it provided for S.M.'s four visits at the rate at which the parties contracted. Specifically, Cedars-Sinai contends that PBP Health improperly claimed (1) that it was not required to pay the contracted rate for federal employees because of S.M.'s death; and (2) that it need not pay the medicare rate because S.M. was no longer an employee. Cedars-Sinai contends that the contracted rate for federal employees is due and owing for medical services that Cedars-Sinai provided to S.M. Cedars-

Sinai maintains that the outstanding balance for these medical claims is $424,826.49.

On March 11, 2005, PBP Health removed this case to federal court because (1) federal courts have exclusive jurisdiction over cases arising under FEHBA, and (2) diversity jurisdiction exists. On March 14, 2005, PBP Health promptly filed a motion to dismiss Cedars-Sinai's complaint for failure to state a claim. Relying heavily on *St. Mary's Hospital v. Carefirst of Maryland, Inc.*, 192 F. Supp. 2d 384 (D. Md. 2002) — a district court opinion from another circuit — the district court dismissed Cedars-Sinai's complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Specifically, the court found that Cedars-Sinai's claims were preempted by FEHBA and that Cedars-Sinai failed to exhaust FEHBA's mandatory administrative remedies before bringing this action. Cedars-Sinai filed a timely appeal on May 10, 2005.

Cedars-Sinai contends that FEHBA does not preempt its claims because it is not asserting claims to recover medical "benefits." Rather, Cedars-Sinai maintains that this is an action to recover on PBP Health's independent contractual obligation to pay for the care and treatment provided by Cedars-Sinai to S.M.

## DISCUSSION

### I.   Standard of Review

We review the district court's decision regarding the absence of subject matter jurisdiction *de novo*. *See Delta Sav. Bank v. United States*, 265 F.3d 1017, 1024 (9th Cir. 2001). Similarly, we review the district court's determination of complete preemption *de novo*. *See Roach v. Mail Handlers Benefit Plan, CNA*, 298 F.3d 847, 849 (9th Cir. 2002).

We accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the

non-moving party. *See Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, we are "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and we do "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal citations and quotation marks omitted).

## II.   Cedars-Sinai's Claims Are Not Preempted by FEHBA

FEHBA requires that OPM contract with qualified insurers so that the insurers can provide healthcare benefits for federal employees. *See* 5 U.S.C. § 8902. FEHBA's preemption provision, 5 U.S.C. § 8902(m)(1), ensures that FEHBA benefits are administered uniformly. *See Hayes v. Prudential Ins. Co. of Am.*, 819 F.2d 921, 925 (9th Cir. 1987). The preemption provision states:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

5 U.S.C. § 8902(m)(1).

To preempt state-law causes of action, federal law must both (1) provide remedies that displace state law remedies (displacement of remedies) and (2) conflict with state law (conflict preemption). *See Botsford v. Blue Cross & Blue Shield of Montana, Inc.*, 314 F.3d 390, 393 (9th Cir. 2002) (citing *Abraham v. Norcal Waste Sys., Inc.*, 265 F.3d 811, 819 (9th Cir. 2001) (discussing complete preemption in the con-

text of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461)).

## A. *Displacement of Remedies*

[1] By its terms, FEHBA's administrative dispute mechanism applies to disputes between "covered individuals" and carriers over "claims filed under the plan." 5 C.F.R. § 890.105(a)(1). A "covered individual" is defined as "an enrollee or a covered family member." *Id.* § 890.101(a). A "claim" is defined as a request for "payment of a health-related bill" or "provision of a health-related service or supply." *Id.* All claims must be submitted first to the carrier. *See id.* § 890.105(a)(1). If the carrier denies the claim in whole or in part, the covered individual may ask the carrier for reconsideration. *See id.* §§ 890.105(a)(1), 890.105(b). If the carrier affirms its denial of the claim, the covered individual may ask OPM to review the claim. *See id.* §§ 890.105(a)(1), 890.105(e). FEHBA's implementing regulations impose an express exhaustion requirement, pursuant to which the covered individual "must exhaust both the carrier and OPM review processes . . . before seeking judicial review of the denied claim." *Id.* §§ 890.105(a)(1), 890.107(d)(1).

[2] This preemption mechanism was not designed for, nor available to resolve, contractual disputes between carriers and health care providers. By the express terms of FEHBA's implementing regulations, the administrative process is confined to requests for "payment of a health-related bill" or "provision of a health-related service or supply" that are "filed under the plan." *Id.* §§ 890.101(a), 890.105(a)(1). A provider's contractual claim against a carrier does not constitute a request for "payment of a health-related bill" within the meaning of this provision. And even if it did, it would not be a claim "under the plan," because it is predicated not on the plan but on the contract between the carrier and the medical services provider.

Moreover, FEHBA's implementing regulations make clear that OPM has created a remedial mechanism solely for the claims of "covered individuals," not for the claims of providers. A "covered individual" is an enrollee or a covered family member. *Id.* § 890.101. The regulations provide that "the *covered individual* may ask the carrier to reconsider its denial" of a claim and that "[t]he *covered individual* has 6 months" to seek reconsideration. *Id.* §§ 890.105(a)(1), 890.105(b)(1) (emphasis added). Thereafter, "the *covered individual* may ask OPM to review the claim" following a denial by the carrier. *Id.* § 890.105(a)(1) (emphasis added); *see also id.* § 890.105(b)(3) ("The *covered individual* may write to OPM and request that OPM review the carrier's decision") (emphasis added). Finally, "a *covered individual* may seek judicial review of OPM's final action on the denial of a health benefits claim." *Id.* § 890.107(c) (emphasis added).

[3] FEHBA's implementing regulations do permit "other individuals or entities" to pursue a claim administratively if they are "acting on behalf of a covered individual and . . . have the covered individual's specific written consent to pursue payment of the disputed claim." *Id.* § 890.105(a)(2). Neither party contends that Cedars-Sinai has S.M.'s specific written consent to pursue payment of a disputed claim. Where, as here, a health care provider seeks to recover money on its own behalf pursuant to its contract with a carrier, it is not "acting on behalf of a covered individual." Thus, Cedars-Sinai cannot invoke the administrative review process, even if it were pursuing a "claim filed under the plan."[1]

---

[1]We note that if Cedars-Sinai's contractual claims against PBP Health are held to be subject to FEHBA's administrative scheme, the result would not only be that Cedars-Sinai cannot sue PBP Health *now*, but that Cedars-Sinai *can never* sue PBP Health. This is because the implementing regulations provide that a suit seeking judicial review of a denied claim "must be brought against OPM and not against the carrier . . . ." 5 C.F.R. § 890.107(c). Thus, if the district court's view of the regulatory scheme were accepted, exhaustion of FEHBA's administrative remedies would lead not to a suit by Cedars-Sinai against PBP Health, but instead to a suit by Cedars-Sinai against OPM — a suit to which PBP Health (whose rights and obligations under its contract with Cedars-Sinai are at issue) would not be a party.

### B.   Conflict Preemption

As both parties recognize, FEHBA was established to govern employee benefit plans established for federal employees. The parties dispute whether Cedars-Sinai's suit "relates to" a "benefit." 5 U.S.C. § 8902(m)(1).

**[4]** In *Botsford*, we analyzed the parameters of FEHBA's preemption provision. Analyzing the meaning of "benefits," we stated that " 'an assertion that the plan failed to live up to its contractual duty in ways that [state] law would deem appropriate' is, at its root, 'a demand for contractual benefits that were not realized.' " *Botsford*, 314 F.3d at 395 (internal citations omitted). Unlike this case, however, *Botsford* involved claims brought by a plan enrollee for reimbursement related to the benefits that *he* received from a medical provider. In contrast, in this case the claims are brought by a third-party hospital which could not be not considered a "covered individual" or other relevant party under FEHBA or its implementing regulations. Consequently, Cedars-Sinai does not have a remedy under the statute. Because Cedars-Sinai's claims arise from PBP Health's contractual obligation to Cedars-Sinai — an obligation that arose when PBP Health represented that S.M. was covered by the Plan — Cedars-Sinai's claims do not "relate to" "benefits" to S.M.

**[5]** Because Cedars-Sinai's claims do not meet both requirements for complete preemption — displacement of remedies and conflict preemption — we find that Cedars-Sinai's claims are not preempted.

### III.   ERISA Caselaw Supports Cedars-Sinai's Contention that FEHBA Does Not Preempt its Claims Against PBP Health

**[6]** Cedars-Sinai cites to several ERISA cases to support its position that its claims are not preempted by FEHBA.[2]

---

[2]Because there is no Ninth Circuit authority discussing FEHBA preemption issues involving the claims of a third-party health care provider,

Cedars-Sinai first cites to *The Meadows v. Employers Health Insurance Corp.*, 47 F.3d 1006 (9th Cir. 1995). In that case, we held that ERISA did not preempt the plaintiff health care provider's state law claims for breach of contract, estoppel, and negligent misrepresentation. The claims arose out of the defendant health insurer's representation to the plaintiff health care provider that the wife of one of defendant's former employee's was covered by the plan's policy. *See id.* at 1007. After services were rendered, the defendant refused to reimburse or recognize an obligation to the plaintiff, despite prior assurances of coverage. *See id.* at 1008.

---

we may look to analogous cases involving the application of ERISA's preemption provision. *See Botsford*, 314 F.3d at 393-94 (recognizing that FEHBA's preemption provision "closely resembles ERISA's express preemption provision, and precedent interpreting the ERISA provision thus provides authority for cases involving the FEHBA provision").

Section 514(a) of ERISA provides that ERISA provisions "supersede any and all State law insofar as they may now or hereafter *relate to* any employee benefit plan . . . ." 29 U.S.C. § 1144(a) (emphasis added). Several years ago, the Supreme Court found the "relate to" language of § 514(a) to be vague and noted

> "our prior attempt[s] to construe the phrase 'relate to' d[o] not give us much help drawing the line here." In order to evaluate whether the normal presumption against pre-emption has been overcome in a particular case, we concluded that we "must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive."

*De Buono v. NYSA-ILA Med. & Clinical Servs. Fund*, 520 U.S. 806, 813-14 (1997) (quoting *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655-56 (1995)). The Supreme Court's efforts at interpreting the "relate to" language in § 514(a) have yielded the following two-part test: "A law 'relate[s] to' a covered employee benefit plan for the purposes of § 514(a) 'if it [1] has a connection with or [2] [a] reference to such a plan.' " *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1052 (9th Cir. 1999) (quoting *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr.*, 519 U.S. 316, 324 (1997))

The Arizona Superior Court initially dismissed the plaintiff's claims, noting that because the plaintiff had sued as an assignee of the former employee, the plaintiff's claims were preempted. *See id.* The court went on to note that had the plaintiff not sued derivatively, it "might have had a claim based simply on the representations that the company made" to it. *Id.* Thereafter, the plaintiff filed a second action against the defendant for claims that were non-derivative and independent of those which the former employee might have had. *See id.*

The case was removed to federal court and the district court found that ERISA did not preempt the plaintiff's claims. *See The Meadows v. Employers Health Ins.*, 826 F. Supp. 1225 (D. Ariz. 1993). We agreed. We recognized that ERISA preempts the state claims of a provider suing as an assignee of the beneficiary's rights to benefits under an ERISA plan. *See The Meadows*, 47 F.3d at 1008 (citing *Misic v. Bldg. Servs. Employees Health & Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir. 1986)). However, we held that ERISA does not preempt "claims by a third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages," *id.*, because such claims do not "relate" to ERISA preemption, *id.* at 1009.

Here, Cedars-Sinai is suing as a third-party claiming damages, and not as an assignee of rights to benefits. Thus, *The Meadows* supports Cedars-Sinai's position that its claims do not "relate to" FEHBA and consequently are not preempted by FEHBA.

Cedars-Sinai also cites to *Memorial Hospital System v. Northbrook Life Insurance Co.*, 904 F.2d 236 (5th Cir. 1990), a case we cited with approval in *The Meadows*. Like *The Meadows*, the plaintiff hospital in *Memorial Hospital* relied on the defendant employer and the employer's health insurer's representation that the employee's wife was covered by the plan, stating that "it would not have extended treatment to

her without such assurances of payment." *Id.* at 238. The plaintiff filed suit asserting a breach of contract claim for benefits (as the employee's assignee) and claims for negligent misrepresentation and equitable estoppel (brought in its independent status as a third-party health care provider.) *See id.* at 239. The district court held that the plaintiff's breach of contract claim was preempted because the claim "related to" a claim for benefits under an ERISA plan. *See id.* However, the district court held that the plaintiff's third-party claims were not preempted because they were not assigned claims; they did not "relate to" the ERISA plan because the claims "could stand alone absent any issue regarding the application of a welfare benefit plan." *Id.*

The Fifth Circuit took up the appeal and affirmed in part and vacated in part. In *Memorial Hospital*, the court affirmed the district court's finding that the plaintiff's assigned claims were preempted, noting that "[i]t is clear that ERISA preempts a state law cause of action brought by an ERISA plan participant or beneficiary alleging improper processing of a claim for plan benefits," *id.* at 245, and, as an assignee, "[the plaintiff] stands in the shoes of [the employee] and may pursue only whatever rights [the employee] enjoyed under the terms of the plan," *id.* at 250.

To better analyze the plaintiff's non-derivative claims, the court in *Memorial Hospital* articulated a test, recognized by *The Meadows* and the cases discussed below, that emphasizes unifying characteristics of cases where ERISA preemption was found:

> (1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities — the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Memorial Hospital*, 904 F.2d at 245. Applying this test, the court in *Memorial Hospital* held that the plaintiff's non derivative claims were not preempted because those claims did not fit into either category.[3] *See id.* at 245-46.

Because the court found that the plaintiff's non-derivative claims did not "relate to" the ERISA plan, and were consequently not preempted, *Memorial Hospital* supports Cedars-Sinai's assertion that its non-derivative claims are not preempted by FEHBA. *See also Cypress Fairbanks Med. Ctr. Inc., v. Pan American Life Ins. Co.*, 110 F.3d 280, 283 (5th Cir. 1997) (reinforcing *Memorial Hospital*'s holding that non-

---

[3]The *Memorial Hospital* court asserted three justifications for its conclusion. First, it recognized the "commercial realities" facing third-party providers of health care services, noting that in situations in which it is not clear whether a patient is covered by a health insurance plan, "the provider wants to know if payment reasonably can be expected. Thus, one of the first steps in accepting a patient for treatment is to determine a financial source for the cost of care to be provided." *Id.* at 246.

Second, when an insurance company erroneously informs a health care provider that a patient is covered by health insurance, state law, which "allocat[es] . . . risks between commercial entities that conduct business in a state," normally provides a remedy. *Id.* at 246-47. This is so, because "[a] provider's state law action under these circumstances would not arise due to the patient's coverage under an ERISA plan, but precisely because there is no ERISA plan coverage." *Id.* at 246.

Third, depriving an independent third-party provider of a state-law cause of action does not further, but rather defeats, Congress's purpose behind enacting ERISA. The court recognized that third-party providers would be less likely to accept the risk of nonpayment, and as a result, might require patients to make up-front payments or subject those patients to other unnecessary inconveniences before treatment is offered. *Id.* at 247. Health care providers, like Cedars-Sinai, do not receive the same protections afforded traditional ERISA entities, and the *Memorial Hospital* court found that Congress could not have intended to shield plan administrators "from the consequences of their acts toward non-ERISA health care providers when a cause of action . . . would not relate to the terms or conditions of a welfare plan, nor affect — or affect only tangentially — the ongoing administration of the plan." *Id.* at 250.

derivative third-party claims do not "relate to" ERISA and are, therefore, not preempted).

Finally, Cedars-Sinai cites to *Hoag Memorial Hospital v. Managed Care Administrators*, 820 F. Supp. 1232 (C.D. Cal 1993). In *Hoag*, the plaintiff hospital brought an action against the defendant employer and the employer's benefit plan, seeking recovery of fees for treatment for one of the defendant's employees. *See id.* at 1233. The defendants had made representations to the plaintiff that the employee was covered, but later stated that an exclusion applied to deny coverage. *See id.* The plaintiff sued because the plan refused to reimburse it for any treatment. *See id.*

Reviewing the plaintiff's claims, the district court noted that the plaintiff's initial complaint "suggested" that it may have been suing under the plan as the employee's assignee. *Id.* at 1234. The plaintiff then amended its complaint to remove any derivative claims and to assert only third-party claims for damages based solely on the defendants' alleged misrepresentations of coverage. *See id.* Relying heavily on *Memorial Hospital*, because there was no guiding Ninth Circuit precedent, the district court found that the plaintiff's claims were not preempted by FEHBA. *See id.* at 1235-37. Because the plaintiff hospital was a third-party with non-derivative claims, the court found that the plaintiff's claims did not "relate to" the ERISA plan. *Id.* at 1236 ("Hoag Memorial's claims to recover promised payment from the employer and the administrator of the Plan must be distinguished from an action by an ERISA participant or beneficiary to recover benefits under the terms of the plan. It is this Court's opinion that ERISA's preemption provision was intended to preclude the latter, not the former."). The district court's holding in *Hoag* that third-party claims that do not involve assigned rights to benefits are not preempted by FEHBA is persuasive

and bolsters Cedars-Sinai's position that its claims for reimbursement are not preempted.[4]

## IV.    Cedars-Sinai Was Not Required to Exhaust Administrative Remedies

[7] As mentioned above, FEHBA's implementing regulations establish a mandatory administrative remedy that is available to a party who believes that a carrier has wrongfully denied benefits. *See* 5 C.F.R. § 890.105. OPM's finding may be challenged in federal court, but only after exhaustion of this process. *See* 5 C.F.R. §§ 890.107(c), 890.107(d)(1). Neither party disputes that Cedars-Sinai failed to exhaust its administrative remedies under FEHBA and its corresponding implementing regulations.

---

[4]PBP Health contends that we should adopt the reasoning in *St. Mary's Hospital v. Carefirst of Maryland, Inc.*, 192 F. Supp. 2d 384 (D. Md. 2002), a case relied on by district court in the decision below. In *St. Mary's Hospital*, the plaintiff hospital brought suit against a health insurer for several claims, including breach of contract based on the insurer's refusal to reimburse the plaintiff for services provided to plan enrollees. The plaintiff argued that preemption was inappropriate because the plaintiff was a health care provider; it was not a plan enrollee, nor did it have an assignment of rights from the enrollee. *See id.* at 389.

The court recognized that this was a novel situation in the Fourth Circuit but disagreed with the plaintiff. Instead, the court found that the plaintiff's claims were preempted because the "nature" of its claims "implicated the terms and provisions" of the FEHBA plan. *Id.* at 389. The court also noted that "[t]o allow state contract law to decide the matter would disrupt the national uniformity of coverage for federal employees intended by Congress in enacting [the] FEHBA." *Id.*

We decline PBP Health's invitation to adopt *St. Mary's Hospital*'s reasoning as law of this circuit. *St. Mary's Hospital* is contrary to our holding in *The Meadows*, 47 F.3d at 1009-11 (holding that third-party claims that do not involve assigned rights to benefits do not "relate to" ERISA and, consequently, are not preempted by ERISA), and does not recognize that FEHBA's implementing regulations state that preemption applies to only "covered individuals" and those "acting on behalf of a covered individual and . . . have the covered individual's specific written consent to pursue payment of the disputed claim," 5 C.F.R. §§ 890.101, 890.105.

**[8]** As discussed in the preceding section, however, the exhaustion mechanism was designed for disputes between carriers and "covered persons" or their assignees. Because Cedars-Sinai is not a covered person or an assignee, it has no role in the administrative exhaustion process and, consequently, the process can provide no relief to Cedars-Sinai. Further, Cedars-Sinai's claims did not constitute a request for "payment of a health-related bill" . . . "under the plan" because Cedars-Sinai's claim is predicated not on the plan but on its contract with PBP Health. *Id.* §§ 890.101(a), 890.105(a)(1). Because Cedars-Sinai is not a party contemplated by FEHBA's implementing regulations and because Cedars-Sinai's claims arise from PBP Health's contractual obligation to Cedars-Sinai — an obligation that arose when PBP Health represented that S.M. was covered by the Plan — Cedars-Sinai's claims do not "relate to" FEHBA. Therefore, we hold that Cedars-Sinai was not required to exhaust FEHBA's administrative remedies.[5]

## CONCLUSION

For the reasons set forth above, we reverse the district court's order dismissing this action. Cedars-Sinai's claims were not preempted by FEHBA and, consequently, Cedars-Sinai was not required to exhaust its administrative remedies.

REVERSED and REMANDED.

---

[5]We also hold that the district court erred when it concluded that it lacked subject matter jurisdiction over Cedars-Sinai's state law claims. Cedars-Sinai is a California corporation with its principal place of business in California; PBP Health is a District of Columbia corporation with its principal place of business in Virginia; and the amount in controversy, $424, 826.49, exceeds $75,000. Accordingly, diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a).