Arnold SCHIMSKY, as Trustee of The Ann P. Shimsky Trust and representative of Ann P. Shimsky, deceased, Plaintiff,

v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; THC–Orange County, Inc., dba Kindred Hospital San Diego, Defendant.

Case No. 07–CV–2432–H (LSP).

United States District Court,
S.D. California.

Oct. 3, 2008.

David W. Baumgarten, Yale and Baumgarten, San Diego, CA, for Plaintiff.

US Attorney CV, U.S. Attorneys Office, Southern District of California, Civil Division, Cindy M. Cipriani, U.S. Attorneys Office, Southern District of California, San Diego, CA, Alexander F. Giovanniello, Giovanniello and Michels LLP, Diamond Bar, CA, for Defendant.

**ORDER GRANTING DEFENDANT OPM'S MOTION TO DISMISS FOR LACK OF JURISDICTION, GRANTING WITH LEAVE TO AMEND DEFENDANT KINDRED HOSPITAL'S MOTION TO DISMISS, & DENYING WITHOUT PREJUDICE DEFENDANT KINDRED HOSPITAL'S MOTION FOR RULE 11 SANCTIONS**

MARILYN L. HUFF, District Judge.

On June 12, 2008, the Court granted Defendant THC–Orange County, Inc.'s

("Kindred Hospital") motion to dismiss the complaint with leave to amend. (Doc. No. 10.) On July 11, 2008, Plaintiff filed a first amended complaint ("FAC"). (Doc. No. 11.) On July 30, 2008, Defendant Kindred Hospital filed a motion to dismiss the FAC. (Doc. No. 13.) Defendant United States Office of Personnel Management ("OPM") filed a motion to dismiss the FAC on July 31, 2008. (Doc. No. 15.) On August 29, 2008, Defendant Kindred Hospital filed a motion for sanctions pursuant to Rule 11 against Plaintiffs counsel, Yale and Baumgarten (Doc. No. 24.)

On August 25, 2008, the Court submitted Defendant OPM and Kindred Hospital's motions to dismiss pursuant to its discretion under Local Rule 7.1(d)(1). (Doc. No. 16.) The Court concludes that Defendant Kindred Hospital's Rule 11 motion for sanctions is similarly suitable for decision without oral argument. Therefore, the Court submits the motion for Rule 11 sanctions on the papers and vacates the hearing on October 6, 2008. For the reasons discussed below, the Court grants Defendant OPM's motions to dismiss for lack of jurisdiction, grants with leave to amend Defendant Kindred Hospital's motion to dismiss, and denies without prejudice Defendant Kindred Hospital's Rule 11 motion for sanctions.

### Background

Plaintiff, Arnold Schimsky, brought this action against defendant OPM seeking recovery of benefits under the Federal Employee Health Benefits Act ("FEHBA"). Plaintiff also seeks tolling of the "disputed claims process," a partial stay of the action, and injunctive and monetary relief against defendant Kindred Hospital.

Plaintiff is trustee of the Ann P. Shimsky Trust and representative of Ann P. Shimsky, his deceased mother. In his FAC, Plaintiff alleges that Ann P. Shimsky was enrolled in and insured under the Blue Cross Blue Shield Service Benefit Plan ("Plan"), a Federal Employee Health Benefits Program administered by the United States Office of Personnel Management through Blue Cross of California. (FAC ¶ 1.) Plaintiff contends that he requested OPM to intervene in his dispute with Blue Cross, but has not received a response and so has filed this lawsuit. (*Id.* ¶ 5.)

Plaintiff asserts a cause of action against Defendant OPM for recovery of benefits under 5 U.S.C. § 8900, *et seq.* (FEHBA). Plaintiff also seeks tolling of the "Disputed Claims Process" and a partial stay of action.[1] Defendant OPM moves to dismiss these claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Without providing a basis for federal jurisdiction, Plaintiff asserts claims against Defendant Kindred Hospital for (1) breach of fiduciary duty; (2) intentional interference with contract; and (3) negligent interference with prospective economic advantage. Plaintiff also seeks injunctive and monetary relief.[2] Defendant Kindred Hospital moves to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6) and for sanctions pursuant to Federal Rule of Civil Procedure 11 against Plaintiff's counsel.

### Discussion

### I. Legal Standard for Motions to Dismiss

Rule 12(b)(1) governs dismissal for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). A court may hear claims against the United States only if it has subject matter jurisdiction, otherwise

---

1. Plaintiff mischaracterizes his request for the Court to toll the "Disputed Claims Process" and grant a partial stay of action as a cause of action.

2. Plaintiff mischaracterizes his request for injunctive relief as a cause of action.

the court must dismiss them. Fed. R.Civ.P. 12(h)(3). Claims against an agent of the United States, in his or her official capacity, are also deemed claims against the United States. *Balser v. Dep't of Justice,* 327 F.3d 903, 906 (9th Cir.2003). To establish that the court has jurisdiction, a plaintiff must show that the government waived sovereign immunity. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 182, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Tucson Airport Auth. v. Gen. Dynamics Corp.,* 136 F.3d 641, 644 (9th Cir. 1998). Federal jurisdiction cannot be presumed or inferred but must be affirmatively and distinctively pled. *Norton v. Larney,* 266 U.S. 511, 515, 45 S.Ct. 145, 69 L.Ed. 413 (1925). In determining whether a case arises under federal law, a court is generally confined to the plaintiff's well-pled complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

■ A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block,* 250 F.3d 729, 731 (9th Cir.2001). A complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid dismissal under a Rule 12(b)(6) motion. *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir.2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed.2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir.1996); *see also Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65.

■ "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994).

## A. Defendant OPM's Motion to Dismiss

### 1. Claim for Recovery of Benefits under FEHBA

Plaintiff's first cause of action is for recovery of benefits under 5 U.S.C. § 8900, *et seq.,* the Federal Employee Health Benefits Act ("FEHBA"). OPM contends that the Court lacks subject matter jurisdiction over Plaintiff's claim under FEHBA, and thus Plaintiff's first cause of action should be dismissed under Federal Rule of Civil Procedure 12(b)(1). OPM argues that because Plaintiff has not exhausted his administrative remedies under FEHBA, the United States has not yet consented to the suit and jurisdiction is

therefore lacking. (Doc. No. 15 at 6.) The Court agrees.

■ The United States is a sovereign nation, and as such, it may not be sued absent consent. *See Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985.) If the United States has not consented to the suit, subject matter jurisdiction is lacking and the complaint must be dismissed. Fed.R.Civ.P. 12(h)(3); *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *Gilbert,* 756 F.2d at 1458. Administrative prerequisites aimed at agency resolution of a claim prior to suit generally are jurisdictional, as the Government's consent to be sued is premised upon adherence to the prerequisites. *See, e.g., Sommatino v. United States,* 255 F.3d 704, 708 (9th Cir.2001) (holding exhaustion of regulatory administrative process is jurisdictional prerequisite to district court hearing discrimination claim); *Jerves v. United States,* 966 F.2d 517, 519 (9th Cir. 1992) (holding agency claim requirements under the Federal Torts Claim Act must be exhausted before district court has jurisdiction).

OPM in its agency regulations under FEHBA established a process covered persons must pursue to challenge a denial of coverage before seeking redress with a court. The regulations specifically provide that:

> All health benefits claims must be submitted initially to the carrier of the covered individual's health benefits plan. If the carrier denies a claim (or a portion of a claim), the covered individual may ask the carrier to reconsider its denial. If the carrier affirms its denial or fails to respond as required by paragraph (c) of this section, the covered individual may ask OPM to review the claim. A covered individual **must exhaust** both the carrier and OPM review processes specified in this section before seeking judicial review of the denied claim.

5 C.F.R. § 890.105(a)(1) (emphasis added); *see also Cedars–Sinai Medical Ctr. v. Nat'l League of Postmasters of U.S.,* 497 F.3d 972, 980 (9th Cir.2007) ("FEHBA's implementing regulations establish a mandatory administrative remedy that is available to a party who believes that a carrier has wrongfully denied benefits.") ("OPMs finding may be challenged in federal court, but only after exhaustion of this process."); 5 C.F.R. §§ 890.107(c), (d)(1) ("An action . . . to recover on a claim for health benefits: (1) may not be brought prior to exhaustion of the administrative remedies provided in § 890.105."). As the Tenth Circuit has explained, the district court lacks jurisdiction when the exhaustion requirements of 5 C.F.R. § 890.107(d)(1) are not met because the regulation sets forth terms and conditions pursuant to which the Federal government has granted a limited waiver of sovereign immunity. *See Bryan v. Office of Personnel Management,* 165 F.3d 1315, 1317 (10th Cir.1999).

■ Although exhaustion of administrative remedies is usually a jurisdictional prerequisite, there are exceptions to the doctrine. "Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." *United Farm Workers v. Arizona Agr. Employment,* 669 F.2d 1249, 1253 (9th Cir. 1982.)

■ Defendant contends the Court lacks subject matter jurisdiction because Plaintiff fails to plead that he has exhausted the administrative remedies under FEHBA or that he should be excused from exhaustion of those remedies. (*See* Doc. No. 15.) The Court agrees with Defen-

dant. Plaintiff fails to allege that he has exhausted administrative review of his claim. Plaintiff concedes that he does not know whether Blue Cross has affirmatively denied coverage for the claims, and in fact alleges that Blue Cross has indicated coverage is available. Because Plaintiff has not alleged that he has exhausted carrier review of the claims, let alone OPM's review process, the Court lacks jurisdiction over Plaintiffs first and second causes of action against Defendant OPM. Additionally, Plaintiff fails to allege a basis for an exception to the exhaustion doctrine. Plaintiff concedes that Kindred Hospital offered to produce Mrs. Shimsky's medical records. (FAC ¶ 4.) Plaintiff has not alleged that Blue Cross requested these documents and was refused access by Kindred Hospital. Based on Plaintiffs allegations, administrative remedies would not be futile, inadequate, or irreparably harmful, as Plaintiff alleges that Blue Cross indicated coverage is available for the hospital care at issue.

The Court concludes that it lacks subject matter jurisdiction over Plaintiff's first cause of action and dismisses it without prejudice pursuant to Rule 12(b)(1). Because the claim fails on jurisdictional grounds, it similarly fails under 12(b)(6).

**2. Tolling of the "Disputed Claims Process" and Partial Stay of Action**

▪ Plaintiff also seeks tolling of the "disputed claims process" and a partial stay of the action. (FAC ¶ 10–12.) Where administrative review of a claim is a jurisdictional prerequisite, generally it is not appropriate to stay the suit until a claim can be filed. *United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1306–07 (5th Cir.1987) (applying the Federal Torts Claim Act). However, the Ninth Circuit has held that where the exhaustion requirement is created by agency regulations and not by Congress, the district court has discretion whether to "allow the action to proceed immediately, ... dismiss the action pending exhaustion of administrative remedies, or it may stay its own proceedings pending administrative review." *Pension Ben. Guar. Corp. v. Carter & Tillery Enters.*, 133 F.3d 1183, 1187 (9th Cir.1998).

▪ Equitable tolling generally applies when "extraordinary circumstances beyond [the applicant's] control made it impossible to file the claims on time." *Seattle Audubon Soc'y v. Robertson*, 931 F.2d 590, 595 (9th Cir.1991) rev'd on other grounds, 503 U.S. 429, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992). Courts apply the doctrine of equitable tolling "sparingly." *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir.1992). It may be appropriate "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Vets. Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). It is inappropriate, however, "where the claimant failed to exercise due diligence in preserving his legal rights." *Id.* (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)).

▪ Plaintiff alleges a stay or tolling is required to preserve any possible statute of limitations under the Plan. (FAC ¶ 5.) Under the regulations, a covered person must file suit by December 31 of the third year after the year in which the care or service was provided. 5 C.F.R. § 890.107(d)(2). Plaintiff filed this action on December 31, 2007, seeking recovery of benefits under the Plan for care given within three years of the date of the complaint. (*Id.* ¶ 9.) Plaintiff may not simply file a lawsuit to avoid an exhaustion of administrative remedies, those claims.

Here, Plaintiff has not pursued his administrative remedies. In fact, he concedes he does not even know whether the claims process has run its course, or whether it has even started. (Doc. No. 27 at 1.) He seeks to toll the statute of limitations or receive a stay of this proceeding, yet has failed to allege the steps he took in seeking carrier review and OPM review of his claims. Plaintiff asserts he requested OPM to intervene, but does not allege his due diligence in pursuing his FEHBA claims. Moreover, Plaintiff fails to allege that the agency regulations prevented him from exhausting his administrative remedies. From the FAC, it is not even clear whether Blue Cross has denied the claims, giving OPM jurisdiction to review the carrier decision. Plaintiff alleges Kindred Hospital has not provided Blue Cross with the appropriate medical records, yet Plaintiff alleges that Kindred Hospital offered these records to Blue Cross.

After review of the pleadings, the Court grants Defendant's motion to dismiss the request for a stay of action and tolling of the statute of limitations, as the Court lacks jurisdiction over the federal claim.

## B. Defendant Kindred Hospital's Motion to Dismiss

■ Defendant Kindred Hospital moves to dismiss Plaintiffs causes of action in the FAC against the defendant on the grounds that Plaintiff fails to state a cause of action for which relief can be granted.

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction." Having dismissed Plaintiff's FEHBA claims against OPM, the Court grants with leave to amend Defendant Kindred Hospital's motion to dismiss Plaintiffs claims against Kindred Hospital under Federal Rule of Civil Procedure 12(h)(3) due to the FAC's failure to allege any jurisdictional basis the Court

may have over Plaintiff's state law claims. Because Plaintiff has not stated a valid jurisdictional claim, we decline to reach Defendant's arguments regarding the substance of Plaintiff's claim under Rule 12(b)(6).

## C. Prayer for Injunctive Relief

The Court notes that Plaintiff claim for injunctive relief against Kindred Hospital is a prayer for relief and is not an independent claim against the Defendant. (FAC ¶¶ 13–15.) Because the FAC fails to establish the Court's jurisdiction over Plaintiff's claims against Kindred Hospital, Plaintiff has not established federal jurisdiction for any relief.

## II. Defendant Kindred Hospital's Motion for Rule 11 Sanctions

Defendant Kindred Hospital's motion for Rule 11 sanctions seeks non monetary and monetary sanctions in the amount of $4,200 against Plaintiffs counsel of record, Yale & Baumgarten, for its filing of Plaintiff's First Amended Complaint. (Doc. No. 24 at ii.) The Court denies Defendant's motion for sanctions without prejudice pursuant to Rule 11.

Rule 11 provides:

(b) By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law

or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

■■■■ "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A–C Co.*, 859 F.2d 1336, 1345 (9th Cir.1988). "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously ... Courts must also 'avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading ... was submitted.'" *Id.* at 1344 (citing *Hudson v. Moore Business Forms, Inc.*, 827 F.2d 450, 453–55 (9th Cir.1987)). The Ninth Circuit has identified two situations in which a court may appropriately impose Rule 11 sanctions: "where a litigant makes a 'frivolous filing,' that is, where he files a pleading or other paper which no competent attorney would believe was well grounded in fact and warranted by law; and where a litigant files a pleading or paper for an 'improper purpose,' such as personal or economic harassment." *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir.1987) (internal citations omitted). Defendant alleges Plaintiffs filing meets both of these situations.

■■■■ When Rule 11 sanctions are sought on the basis of a complaint, the district court considers "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir.2002). The decision to impose sanctions is within the sound discretion of the district court. *See Christian*, 286 F.3d at 1126–27. "Where a complaint is in question, the 'improper purpose' analysis is not necessary because a non-frivolous complaint cannot be said to be filed for an improper purpose." *Greenberg*, 822 F.2d at 885 (citations omitted). Thus, we need not look beyond the "frivolous filing" standard in this case.

Defendant asserts numerous objections to the complaint. Underlying these objections is Defendant's reliance on two settlement agreements between Plaintiff and Kindred Hospital. Defendant argues that Plaintiff is precluded from bringing the present action against Kindred Hospital because Plaintiff covenanted not to:

> [P]etition, commence, voluntarily aid in any way, institute, maintain, prosecute, or authorize to be commenced against Kindred Hospital—San Diego any action or other proceeding either in law or in equity against any party to this agreement ... based in whole or in part upon any action, demand, cause of action, obligation, damage or liability which is the subject of this Stipulation and Settlement Agreement....

(Doc. No. 26, Ex. W ¶ 3.) companies." (Doc. No. 26 Ex. W ¶ 9.)

The Court concludes that Plaintiff has failed to show the basis for federal jurisdiction in this matter. Moreover, the Court concludes that it is premature to decide whether settlement agreements bar any relief under these circumstances and DENIES without prejudice Defendant Kindred Hospital's motion for Rule 11 sanctions.

### Conclusion

For the reasons discussed above, the Court GRANTS Defendant OPM's motion to dismiss for lack of jurisdiction. The Court terminates the action for failure to exhaust administrative remedies. The

Court declines to grant leave to amend as Plaintiff needs to exhaust his administrative remedies. The Court GRANTS Defendant Kindred Hospital's motion to dismiss and provides 30 days leave to amend to assert the basis for jurisdiction over Defendant Kindred Hospital. Plaintiff should not seek to amend if federal jurisdiction is lacking. The Court has separately ordered the parties to schedule a status conference. The Court also DENIES without prejudice Defendant Kindred Hospital's motion for Rule 11 sanctions.

IT IS SO ORDERED.