
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY OF HOPE NATIONAL MEDICAL CENTER, a California non-profit public benefit corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> AFL HOTEL & RESTAURANT WORKERS' HEALTH & WELFARE PLAN, a voluntary employees' benefit association, <br><br> Defendant - Appellee. | No. 09-56236 <br><br> D.C. No. 2:09-cv-03097-RGK-RC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 15, 2011
Pasadena, California

Before: RYMER, TALLMAN, and IKUTA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

City of Hope National Medical Center appeals the district court's dismissal of its complaint against AFL Hotel & Restaurant Workers' Health & Welfare Plan on the ground that its claims were preempted by the Employee Retirement Income Security Act (ERISA). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

The district court determined that City of Hope's common law claims were preempted under the "conflict preemption" clause of ERISA, which provides that ERISA shall generally "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The parties do not contest the district court's determination that the AFL plan at issue is an "employee benefit plan" under ERISA.

A common law claim relates to an employee benefit plan governed by ERISA "'if it has a connection with or reference to such a plan.'" *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983)).

Accepting the allegations in City of Hope's complaint as true, as we must at this stage, City of Hope alleges the existence of its own contract with and representations from AFL. City of Hope brings suit on that basis and not as an assignee of benefits under an ERISA plan. *See Cedars-Sinai Med. Ctr. v. Nat'l*

2

*League of Postmasters of the U.S.*, 497 F.3d 972, 977 (9th Cir. 2007); *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1052-54 (9th Cir. 1999); *The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1008-09 (9th Cir. 1995).

On the basis of the pleadings and record before us, we cannot determine that these claims nonetheless "relate to" an ERISA plan so as to be preempted under 29 U.S.C. § 1144(a). The alleged contract between City of Hope and AFL was not supplied by either party. Nor was the ERISA plan. The complaint alleges very little information about the contract and representations at issue. There is therefore not a basis for concluding that the claims were preempted at the pleading stage. We remand for further proceedings, but do not foreclose the possibility that AFL may establish preemption under § 1144(a) upon a more developed record.

REVERSED AND REMANDED.