250 F.3d 729 (9th Cir. 2001)
 RAFAEL NAVARRO, INDIVIDUALLY, AND AS THE REPRESENTATIVE OF THE CLASS OF PERSONS DEFINED IN AVERMENT 22, PLAINTIFF-APPELLEE,
v.
SHERMAN BLOCK, DEFENDANT, AND MICHAEL D. ANTONOVICH; YVONNE BURKE; DONALD KNABE; GLORIA MOLINA; ZEV YARASLOVSKY; PETER F. SCHABARUM; DEANE DANA, DEFENDANTS-APPELLANTS.
 No. 99-55623
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Submitted March 7, 2001*
Filed May 11, 2001
 
 [Copyrighted Material Omitted]
 Cindy S. Lee, Franscell, Strickland, Roberts & Lawrence, Pasadena, California, for the defendant-appellant.
 Stephen Yagman, Marion R. Yagman, Kathryn S. Bloomfield, Joseph Reichmann, Yagman & Yagman & Reichmann, Venice Beach, California, Richard H. Millard, Los Angeles, California, for the plaintiffs-appellees.
 Appeal from the United States District Court for the Central District of California Christina A. Snyder, District Judge, Presiding. D.C. No. CV-98-07434-CAS.
 Before: James R. Browning, Melvin Brunetti, and Michael Daly Hawkins, Circuit Judges.
 
 OPINION
 Hawkins, Circuit Judge
 
 1
 We must decide whether a complaint alleging bad faith execution of a municipal policy to indemnify police officers from punitive damage awards states a claim under 42 U.S.C. §§ 1983. Specifically, we are asked whether municipal officials are entitled to qualified immunity against such claims.
 
 FACTS AND PROCEDURAL HISTORY
 
 2
 This case comes to us at the motion to dismiss stage. There has been no discovery. The complaint alleges that prior decisions by the Los Angeles County Board of Supervisors ("the Supervisors") to indemnify county sheriffs from punitive damage awards were made in bad faith and proximately caused a violation of the plaintiff's constitutional rights.[1] The district court denied the motion to dismiss, holding: "[I]f [the] plaintiff demonstrates that the Supervisors' actions were performed in bad faith and were the proximate cause of a violation of plaintiff's constitutional rights, the Supervisors would not be entitled to qualified immunity." We have jurisdiction under 28 U.S.C. §§ 1291.
 
 STANDARD OF REVIEW
 
 3
 Dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. Monterey Plaza Hotel, Ltd. v. Local 483, 215 F.3d 923, 926 (9th Cir. 2000).
 
 ANALYSIS
 I. Motion to Dismiss
 
 4
 A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996). In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. Cahill, 80 F.3d at 338. Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).
 
 II. Qualified Immunity
 
 5
 The Supervisors claim that they are entitled to qualified immunity for their decision to indemnify police officers from punitive damage awards, even if they implemented that power in bad faith. Qualified immunity analysis begins with an allegation of constitutional injury and a determination of whether the right allegedly infringed was clearly established at the time of the events in question. Siegert v. Gilley, 500 U.S. 226, 232 (1991); Jensen v. City of Oxnard, 145 F.3d 1078, 1082 (9th Cir. 1998). "To be clearly established, the law must be `sufficiently clear that a reasonable official would understand that what he is doing violates that right.' It is not necessary that the alleged act have been previously declared unconstitutional, as long as the unlawfulness was apparent in light of pre-existing law." Newell v. Sauser, 79 F.3d 115, 117 (9th Cir. 1996) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).
 
 III. Punitive Indemnification Precedent
 
 6
 In considering whether implementing indemnification procedures in bad faith violates a "clearly established" constitutional right, we do not write on a clean slate. This is the fourth case in a recent line examining such potential §§ 1983 liability. To properly decide this case, each of its three predecessors must be examined.
 
 A. Trevino I
 
 7
 Trevino v. Gates, 23 F.3d 1480, 1482-83 (9th Cir. 1994) (Trevino I), considered, on a motion to dismiss, whether local legislators are entitled to absolute legislative immunity for implementing their state-created power to indemnify police officers from punitive damage awards. After reviewing the standard for absolute legislative immunity, the court held: "The particularized, case-by-case findings required under [Cal. Gov't. Code] section 825(b)[2] compel us to conclude that decisions to pay punitive damages under that section are individually, not generally, directed, involve no broad policy considerations, and thus fall outside those types of legislative actions receiving the cloak of absolute immunity. " Id. at 1483. Thus, Trevino I decided and was limited to the question of absolute immunity.
 
 B. Trevino II
 
 8
 Trevino v. Gates, 99 F.3d 911 (9th Cir. 1996) (Trevino II), reviewed a subsequent grant of summary judgment for the council members from Trevino I. At summary judgment, the local legislators based their argument on qualified, rather than absolute, immunity. After reviewing the legal standards for qualified immunity, the court held:
 
 
 9
 [T]he law is not clearly established that a policy of indemnifying punitive damage awards violates constitutional rights . . . . A city council does not violate section 1983 if it indemnifies officers against punitive damage awards on a discretionary, case by case basis, and complies in good faith with the requirements of Cal. Gov. Code §§ 825(b).[3]
 
 
 10
 99 F.3d at 918. Though the quoted portion says that council members would "not violate section 1983" if they act in the prescribed manner, it is clear from the overall analysis of this section of Trevino II that the panel really meant that council members "would receive qualified immunity." The analysis in this section of the opinion is directed at deciding whether indemnification for punitive damages violates a"clearly established" right. Though much of the analysis under qualified immunity and the merits of a §§ 1983 claim overlaps, the issue of whether a right is "clearly established " is relevant only to qualified immunity.
 
 
 11
 Regardless, the explicit holding of Trevino II is clear: local legislators who implement their state-created power to indemnify police officers from punitive damage awards in good faith on a discretionary, case-by-case basis are entitled to qualified immunity.
 
 C. Cunningham
 
 12
 Most recently, in Cunningham v. Gates, 229 F.3d 1271 (9th Cir. 2000), we construed Trevino II to answer this question: if good faith implementation of the indemnification power entitled local legislators to qualified immunity, does bad faith implementation of the indemnification power mean that there is no qualified immunity? We held that it does.
 
 
 13
 Like Trevino II, Cunningham came to us on summary judgment; it was a consolidated appeal of several cases. The factual predicates of one case, "the Smith incident, " occurred four months after Trevino II was decided. 229 F.3d at 1293. In deciding whether Smith's claim should survive summary judgment, we said:
 
 
 14
 In order to defeat the council members' motion for summary judgment in the Smith case, Smith must present some evidence that the council members did not implement section 825's indemnification procedure in good faith in the four month window between the Trevino [II] decision and the Smith incident.
 
 
 15
 Id. In other words, the council members are not entitled to qualified immunity (through summary judgment) if a genuine issue exists on the material fact of whether they acted in bad faith in indemnifying police officers for punitive damages. In Cunningham, we reversed the district court and granted the council members qualified immunity (and summary judgment) because "[t]he council members' evidence suggest[ed] that they implemented section 825's indemnification procedure ingood faith in accordance with Trevino[II]." Id.
 
 CONCLUSION
 
 16
 This much is clear after Trevino II and Cunningham: local legislators are not entitled to qualified immunity if they implement their state-created power to indemnify police officers from punitive damage awards in bad faith. Thus, the district court's denial of the Supervisors' motion to dismiss was proper; the plaintiff has alleged just this, presenting a cognizable legal theory. If, following discovery of the material facts, the evidence shows there to be no genuine issue on the material fact of the Supervisors' good faith, summary judgment would be appropriate, as it was for the Smith portion of Cunningham.
 
 
 17
 AFFIRMED.
 
 
 
 Notes:
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed. R. App. P. 34(a)(2).
 
 
 [1]
 Averment 9 alleges:
 [I]t is alleged that prior decisions to pay for, or to indemnify for, or to hold harmless for, or to bond punitive damages assessed by juries against Los Angeles County deputy sheriffs is a basis for liability in this case, as it constitutes conduct that falls within the definitions of the first sentence of this averment, and defendants Los Angeles County supervisors are liable for all conduct alleged herein only on this basis.
 The first sentence of the averment states, more generally:
 County of Los Angeles and any defendant in his/her official capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to the police with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by any plaintiff pursuant to the principles set forth in Monell v. New York City Dept. of Social Services, and its progeny.
 
 
 [2]
 This state law gives public entities the discretion to indemnify police officers from punitive damage awards if the governing body of that entity finds, "acting in its sole discretion," that:"(1) The judgment [against the officer] is based on an act or omission of an employee or former employee [of the public entity] acting within the course and scope of his or her employment . . . . ; (2) [T]he employee . . . acted . . . in good faith, without actual malice and in the apparent best interests of the public entity; [and] (3) Payment of the claim or judgment would be in the best interests of the public entity."
 
 
 [3]
 See footnote 2 for a discussion of this state law.