**E. Blossom WANG, M.D.,**
**Plaintiff—Appellant,**

v.

**BLUE CROSS BLUE SHIELD ASSOCI-ATION, a-Not-For-Profit Corporation; Hawaii Medical Service Association, An Unincorporated Association, Defendants—Appellees.**

No. 01–16038.

D.C. No. CV–00–00541–HG/BMK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Jan. 2, 2003.

Before SCHROEDER, Chief Judge, ALARCON and FISHER, Circuit Judges.

MEMORANDUM *

Appellant E. Blossom Wang, M.D., sued Hawaii Medical Service Association ("HMSA") and Blue Cross Blue Shield Association ("BCBSA") alleging violations of her First and Fourteenth Amendment rights. The district court granted BCBSA's motion to dismiss Wang's Second Amended Complaint, granted HMSA's motion for summary judgment, denied Wang's cross motion for summary judg-

---

* This disposition is not appropriate for publica-   tion and may not be cited to or by the courts

ment as moot and dismissed the case. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court properly granted HMSA's motion for summary judgment. Neither party claims that there are disputed issues of material fact, and Wang has failed to demonstrate the state action and compulsion necessary to support her First and Fourteenth Amendment claims. HMSA is not a state actor, and its behavior and any relationship it has to the government or governmental regulation do not constitute state action under any relevant theories. *Brentwood Academy v. Tenn. Secondary School Athletic Ass'n,* 531 U.S. 288, 296, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (listing seven approaches to the issue). Wang's payments to HMSA are not compelled, and her circumstances are not analogous to those cases in which individuals have been required to pay dues or fees as conditions of employment or education. *Cf. Abood v. Detroit Board of Education,* 431 U.S. 209, 235–36, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977).

The district court also properly granted BCBSA's motion to dismiss. Wang's Second Amended Complaint conclusorily stated that BCBSA is a "State actor" but failed to allege facts that could support such a finding. *See Navarro v. Block,* 250 F.3d 729, 732, (9th Cir.2001) (Rule 12(b)(6) dismissal is proper in the face of "no cognizable legal theory" or an "absence of sufficient facts alleged to support a cognizable legal theory") (citation omitted). Additionally, Wang did not allege that BCBSA compelled Wang's health plan membership or payment of fees. Wang's attempt to tie BCBSA to Wang through HMSA fails; BCBSA's relationship to HMSA is distinguishable from a local union's relationship to state and national labor organizations.

*Cf. Lehnert v. Ferris Faculty Ass'n,* 500 U.S. 507, 524, 111 S.Ct. 1950, 114 L.Ed.2d 572 (1991).

Accordingly, the district court's judgment is **AFFIRMED.**

of this circuit except as provided by Ninth Circuit Rule 36–3.