Saskia V.W. HILTON, M.D., Plaintiff–Appellant,

v.

CHILDREN'S HOSPITAL SAN DIEGO, a California Public Benefit Corporation; The San Diego Diagnostic Radiology Medical Group, Inc., a Califor-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nia Professional Corporation; Lee Pickney, M.D.; Lee Harvey, M.D.; Patric Carey, M.D.; Melvin Senac, M.D.; Does, 1–25, inclusive, Defendants–Appellees.

Saskia V. HILTON, M.D., M.D., Plaintiff–Appellant,

v.

CHILDREN'S HOSPITAL SAN DIEGO, a California Public Benefit corporation; The San Diego Diagnostic Radiology Medical Group, Inc., a California Professional Corporation; Lee Pickney, M.D.; Lee Harvey, M.D.; Patric Carey, M.D.; Melvin Senac, Defendants–Appellees.

Saskia V.W. HILTON, M.D., Plaintiff–Appellant,

v.

CHILDREN'S HOSPITAL SAN DIEGO, a California Public Benefit Corporation, Defendant,

and

THE SAN DIEGO DIAGNOSTIC RADIOLOGY MEDICAL GROUP, INC., a California Professional Corporation; Lee Pickney, M.D.; Lee Harvey, M.D.; Patric Carey, M.D.; Melvin Senac, Defendants–Appellees.

No. 02–57053, 02–57209, 03–55909.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 1, 2004.

Decided July 29, 2004.

David E. Lundin, Esq., Law Office of David E. Lundin Esq., Poway, CA, for Plaintiff–Appellant.

James N. Godes, Esq., Foley & Lardner, Edward D. Vogel, Sheppard, Mullin, Richter and Hampton, LLP, San Diego, CA, Jose Manuel Castro, Esq., Los Angeles, CA, for Defendants–Appellees.

Before: MAGILL,* TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Saskia Hilton ("Hilton"), a pediatric and general radiologist on staff at the University of California, San Diego Medical Center ("UCSD"), filed a complaint alleging that Children's Hospital San Diego ("CHSD"), San Diego Diagnostic Radiology Medical Group, Inc. ("SDDR"), Lee Pickney, M.D. ("Pickney"), Lee Harvey, M.D. ("Harvey"), Patric Carey, M.D. ("Carey"), and Melvin Senac, M.D. ("Senac"), collectively "the defendants," created and carried out a Market Division Agreement intended to prevent her from obtaining certain radiology privileges at CHSD. The defendants filed a 12(b)(6) motion to dismiss for failure to state a claim, which ultimately resulted, without oral argument, in the judge dismissing the entire action with prejudice on the ground that the defendants were immune from liability under the Health Care Quality Improvement Act ("HCQIA").[1] The court then awarded attorney's fees, under the same act, to the defendants.

Dismissal under 12(b)(6) with prejudice and without leave to amend is appropriate "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001) (citations and internal quotation marks omitted). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996).

The district court determined that the defendants were entitled to immunity under the HCQIA, and thus dismissed them from the action with prejudice. We conclude that Hilton's complaint contains claims upon which, if substantiated, relief could be granted, and thus the district court erred in granting the 12(b)(6) motion.

Under the HCQIA, those engaging in medical professional review actions and complying with the standards propounded in 42 U.S.C. § 11112(a), including the investigative professional review activities leading up to a final decision, are immune from liability for the potential damage resulting from their decisions. *See Austin v. McNamara*, 979 F.2d 728, 735–37 (9th Cir. 1992). Taking the facts alleged in the complaint as true, however, this case may involve more than straightforward professional review actions, a theory pleaded by the plaintiff but not addressed by the district court. Hilton alleges that the defendants entered into an illegal Market Division Agreement intended and designed to prevent Hilton from competing in the pediatric radiology market in San Diego, thereby protecting the defendant's market share. Hilton's claim is, in essence, that the professional review activities were not undertaken in good faith and in the interest of good health care, but as a ruse or a

---

* The Honorable Frank J. Magill, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

1. 42 U.S.C. §§ 11101—11152 (2002).

cover to obscure a decision already made unlawfully to exclude her from an aspect of her practice. Allegations in Hilton's complaint clearly encompass conduct that falls outside professional review action and would not be covered by the statutory standards required for § 11111(a) immunity. Thus, if Hilton can survive summary judgment and then prove that her treatment stemmed from an illegal Market Division Agreement, not from honest professional peer review, HCQIA immunity would not attach, and Hilton might be entitled to relief.[2]

Given that the action was prematurely dismissed, the award of fees under § 11113 of the HCQIA was also improper.

**REVERSED and REMANDED.**

---

2. If Hilton fails on summary judgment adequately to raise a genuine issue of material fact regarding her claim, and if it turns out that what befell her did indeed stem from professional review activities, then we conclude that the district court's HCQIA immunity analysis was correct.