**CRV IMPERIAL–WORTHINGTON, LP; Watermark Granite La Quinta LLC; IC–Lemoore, LP; Innovative Communities, Inc. (formerly known as Innovative Resort Communities, Inc.), Plaintiffs,**

v.

**GEMINI INSURANCE COMPANY and Does 1–10, Defendants.**

Case No. 10–CV–1010–H (CAB).

United States District Court, S.D. California.

Jan. 24, 2011.

See also 2010 WL 6110043 and 770 F.Supp.2d 1074, 2010 WL 6109051

Charles R. Grebing, Stephen C. Grebing, Jennifer E. Duty, Wingert Grebing Brubaker and Goodwin LLP, San Diego, CA, for Plaintiffs.

Howard N. Wollitz, Charlston, Revich and Wollitz LLP, Los Angeles, CA, for Defendants.

## ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT

MARILYN L. HUFF, District Judge.

On May 12, 2010, Plaintiffs CRV Imperial–Worthington, LP, Watermark Granite La Quinta, LLC, IC–Lemoore, LP, and Innovative Communities, Inc. filed a complaint against Gemini Insurance Company ("Gemini"). (Doc. No. 1.) On May 25, 2010, Plaintiffs filed a first amended complaint. (Doc. No. 3.) On August 4, 2010, 2010 WL 6110043, the Court granted Defendant's motion to dismiss the first amended complaint. (Doc. No. 8.) On September 3, 2010, Plaintiffs filed a second amended complaint. (Doc. No. 9.) On October 29, 2010, the Court granted Defendant's motion to dismiss the second amended complaint. (Doc. No. 17.) On December 1, 2010, Plaintiffs filed their third amended complaint ("TAC"). (Doc. No. 18.) On December 13, 2010, Defendant filed its motion to dismiss the third amended complaint for failure to state a claim. (Doc. No. 20.) On January 10, 2011, Plaintiffs filed their opposition to the motion to dismiss. (Doc. No. 23.) On January 14, 2010, Defendant filed its reply to the opposition. (Doc. No. 24.) The Court held a hearing on the matter on January 24, 2011. Amy Simonson appeared on behalf of Plaintiffs. Howard Wollitz appeared on behalf of Defendant Gemini. After due consideration, the Court grants Defendant's motion to dismiss the third amended complaint.

## BACKGROUND

Plaintiffs are owners and developers of residential housing projects located throughout California. (TAC ¶ 11.) Prior to commencing their development projects, Plaintiffs obtained general liability insurance policies from Defendant Gemini that would cover the risks associated with the construction and eventual sale of the homes. (*Id.* at 12.) Defendant's insurance policies required an advance premium. (*Id.* ¶ 12.) Each Plaintiff paid the advanced premium to Gemini pursuant to the policies. (*Id.* ¶¶ 18, 25, 32, 39.) Plaintiffs allege that each of them paid an advance premium that was based on the construction and sale of a pre-planned number of homes. (*Id.*) Plaintiffs were unable to construct all of the homes they had anticipated building. (*Id.* ¶ 13.) Plaintiffs allege that this constituted a coverage reduction and demanded return of all unearned premiums from Defendant. (*Id.* at 14.) Defendant has not returned any of the advance premiums Plaintiffs paid. (*Id.*)

## DISCUSSION

### I. Legal Standard

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defen-

dant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Twombly,* 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (citing 5 *C. Wright & A. Miller, Federal Practice and Procedure* § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir.1996); *see also Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000).

## II. Declaratory Relief

Plaintiffs only allege one cause of action in their third amended complaint—declaratory relief. (TAC ¶¶ 42–49.) Plaintiffs allege that they may be entitled to relief under California Insurance Code Section 481.5(b)(1) which provides that "[w]henever a policy other than a policy of personal lines insurance terminates for any reason, or there is a reduction in coverage, the gross unearned premium shall be tendered to the insured." Cal. Ins.Code § 481.5(b)(1). Plaintiffs allege that their inability to construct all homes anticipated constitutes a "reduction in coverage" and they are entitled to return of the unearned premiums. (TAC ¶¶ 45–47.) Therefore, Plaintiffs ask for a declaratory judgment from the Court that Defendant Gemini is obligated under Section 481.5(b)(1) to return the unearned premiums.

When a claim for declaratory relief is in federal court based on diversity of citizenship, the "the question whether to exercise federal jurisdiction to resolve the controversy bec[omes] a procedural question of federal law." *Golden Eagle Ins. Co. v. Travelers Companies,* 103 F.3d 750, 752 (9th Cir.1996), overruled on other grounds by *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220 (9th Cir.1998) (en banc). The federal court will still apply state law to the substantive issues in a declaratory judgment action. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Allstate Ins. Co. v. Cox,* 154 F.Supp. 939, 941 (S.D.Cal.1957).

Under federal law, federal courts do not have a duty to grant declaratory judgment. *Leadsinger, Inc. v. BMG Music Pub.,* 512 F.3d 522, 533 (9th Cir.2008). Therefore, it is within a district court's discretion to dismiss an action for declaratory judgment. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) ("Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close."). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that

there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007). Furthermore, in order for a court to grant declaratory relief, the actual controversy between the parties "must relate to a claim upon which relief can be granted." *Leadsinger, Inc. v. BMG Music Publishing,* 429 F.Supp.2d 1190, 1193 (C.D.Cal.2005).

■ Defendant argues that Plaintiffs are not entitled to the declaratory judgment they seek because relief cannot be granted on the underlying claim based on the California Insurance Code. (Doc. No. 20.) First, Defendant argues that the advance premiums were not "unearned premium[s]" as required by the plain terms of § 481.5(b)(1). Defendant points to endorsements to the insurance policies which state:

> It is hereby understood and agreed that the Total Advance Premium/Minimum Term Premium, as shown on Commercial General Liability Coverage Part Declarations, is fully earned after the date shown below as the Fully Earned Premium Date. There will be no return of any portion of the Total Advance Premium in the event of cancellation of this policy after the Fully Earned Premium Date.

(*Id.* at 5.) Each of the Plaintiffs' policies include the same provision and specify a Fully Earned Premium Date. (*Id.* at 4–10.) Defendant contends that by the time the Plaintiffs requested a refund for their advance premiums, each of the Fully Earned Premium Dates on their policies had already passed—in all cases, by nearly three years or more than three years. (*Id.* at 12–13.) Therefore, the advance premiums were all fully earned and Plaintiffs are not entitled to any refund under § 481.5(b)(1).

Second, Defendant also contends that Plaintiffs have also not shown that there was a "reduction in coverage" as required under § 481.5(b)(1). Defendant argues that this phrase does not cover reductions that are due to circumstances outside the control of the insurer. (*Id.* at 13.) Here, Defendant contends that the failure to build the homes does not qualify. (*Id.* at 13–14.)

After due consideration of the parties' arguments, the Court agrees that Plaintiffs have failed to state a claim under § 481.5(b)(1) based on the plain terms of the contract. The contract, on its face, indicates that the advance premiums all became fully earned well before Plaintiffs requested a refund. Furthermore, the Court notes that Defendant still remain liable for any risks associated with each development. The Court concludes that no relief can be granted under § 481.5(b)(1) and declines to grant declaratory judgment. *See Leadsinger,* 429 F.Supp.2d at 1193. Accordingly, the Court GRANTS Defendant Gemini's motion to dismiss.

## CONCLUSION

After due consideration and exercising its sound discretion, the Court GRANTS Defendant Gemini's motion to dismiss Plaintiffs' third amended complaint for declaratory judgment. Because the Court concludes that amendment would be futile, the Court dismisses the complaint without leave to amend. *See Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296–97 (9th Cir. 1990) (affirming the district court's dismissal with prejudice on the grounds that amendment would be futile).

**IT IS SO ORDERED.**