**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE V. QUILLAR,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>D. SHANKLAND; et al.,<br><br>　　　　　Defendants - Appellees. | No. 09-17432<br><br>D.C. No. 2:06-cv-02394-FCD-GGH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted February 15, 2011[**]

Before:　　CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

California state prisoner Lee V. Quillar appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of

various constitutional rights, including his right of access to the courts. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Navarro v. Block*, 250

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 729, 731 (9th Cir. 2001). We may affirm on any ground supported by the record. *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996). We affirm in part, reverse in part, and remand.

The district court properly dismissed Quillar's procedural due process claim because Quillar alleged no facts showing that the conditions of his confinement in administrative segregation imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995).

We affirm the dismissal of Quillar's Eighth Amendment claim because Quillar did not allege a deprivation that denied "the minimal civilized measure of life's necessities" to form the basis of an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citation and internal quotation marks omitted).

The district court concluded that Quillar failed to state a claim against defendant Shankland for denial of access to the courts. However, Quillar alleged that Shankland confiscated his legal documents, which caused Quillar to miss the deadline for filing a writ of certiorari to the U.S. Supreme Court concerning his criminal conviction. Liberally construed, the third amended complaint states a claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 342-43 (9th Cir. 2010) (pro se

prisoner stated a claim for denial of access to the courts where he was denied access to the prison law library, which prevented him from filing a brief in support of his criminal appeal).

Quillar's remaining contentions are unpersuasive.

We do not address issues raised for the first time on appeal. *See Foti v. City of Menlo Park*, 146 F.3d 629, 638 (9th Cir. 1998).

We deny Quillar's request for judicial notice.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**