**Lamont SMITH, Plaintiff,**

v.

**M. REYES et. al., Defendants.**

**Civil No. 11–CV–2428PCL.**

United States District Court, S.D. California.

Nov. 6, 2012.

---

Lamont Smith, Calipatria, CA, pro se.

Stephen A. Aronis, Office of the Attorney General, San Diego, CA, for Defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 16)

PETER C. LEWIS, United States Magistrate Judge.

### BACKGROUND

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (Doc 1.)

Defendants have filed a motion to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6). (Doc 16.) Defendant alleges the following grounds for dismissal: (1) Defendants are immune to Smith's claim for money damages under the Eleventh Amendment; (2) all of Smith's claims are barred by the favorable termination doctrine; and (3) the complaint fails to state a cognizable claim for relief. (Doc. 16.) For the following reasons, the Court *GRANTS* Defendants' motion to dismiss.

### STATEMENT OF FACTS

Plaintiff Lamont Smith is a correctional inmate, and Defendants Reyes, McEwen, Janda, Kuzil–Ruan, Lewis, Mejia, and Jackson are correctional employees, at the Calipatria State Prison. (Doc. 1.) Smith alleges numerous constitutional violations including for excessive force, failure to

protect, failure to supervise, and filing a false misbehavior report. (*Id.*) In Smith's Complaint, Defendants McEwen, Janda, Kuzil–Ruan, and Lewis are solely being sued in their official capacities, and Defendants Reyes, Mejia, and Jackson are being sued in their individual and official capacities. (*Id.*)

Smith alleges that on May 13, 2010, he was outside his cell trying to get some food from another inmate. (*Id.* at 10.) Officer Reyes allegedly approached Smith and started a verbal altercation by telling Smith "shut up and take it in." (*Id.* at 11.) Smith responded "You shut up, I wasn't talking to you." (*Id.*) Smith and Reyes called each other "bitch" and exchanged a "fuck you." (*Id.*) Reyes then allegedly challenged Smith to a fight. (*Id.*) Reyes grabbed his pepper spray and while Smith turned to walk away, Reyes pepper sprayed Smith. (*Id.* at 12.) Reyes allegedly tackled Smith and proceeded to strike Smith repeatedly in the head and face in violation of the Eighth Amendment. (*Id.* at 3.) Jackson and Mejia, the building floor officers at the time of the incident, sounded the alarm. (*Id.* at 12.) Other correctional officers responded and placed Smith in restraints. (*Id.* at 13.) Plaintiff alleges that Warden McEwen, Associate Warden Janda, Captain Kuzil–Ruan, and Sergeant Lewis "were supervisors and wards of the correctional officers" during the incident in question and failed to "properly [see] to it that all corrections officers maintain their oath of office as well as their weekly training" in violation of the Eighth Amendment. (*Id.* at 3.) Plaintiff alleges that Officers Mejia and Jackson improperly allowed and failed to report the alleged misconduct of Officer Reyes in violation of the Eighth Amendment. (Doc. 1 and 2.)

On June 19, 2010, Smith appeared before the correctional hearing committee for resisting a peace officer, a violation of the California Code of Regulations. (*Id.* at 27.) In the documents attached to the Complaint, Plaintiff included the results of the prison disciplinary process showing that Plaintiff was found guilty of resisting a police officer—Officer Reyes—during the performance of his duties in violation of California Code of Regulations, Title 15, section 3005(d)(1). (Doc. 1–1, at 4–31.) Smith was found guilty of violating the statute and assessed a 90–day forfeiture of credits for time served and 90 days loss of phone privileges starting on 6/19/10 and ending on 9/17/10. (Doc. 1, at 30–31; Doc. 1–1, at 31.) In his Complaint, Plaintiff requests damages in the sum of $200,000, punitive damages in the sum of $300,000, and an injunction to prevent Defendants from selling or transferring their property in order to pay the damages. (Doc. 1, at 7.)

Defendants filed a motion to dismiss based on Eleventh Amendment immunity, for failure to state a claim, and under the favorable termination doctrine. (Doc. 16.) Plaintiff filed an opposition to Defendants' motion to dismiss. (Doc. 24.) Defendants filed a reply. (Doc. 26.) Plaintiff also filed a sur-reply. (Doc. 27.) For the reasons stated below, the Court GRANTS Defendants' motion to dismiss.

## STANDARD OF REVIEW

Fed.R.Civ.P. 12(b) expressly enumerates a list of six defenses that can be asserted in a motion to dismiss, including for "lack of jurisdiction over the subject matter," Fed.R.Civ.P. 12(b)(1), and for "failure to state a claim upon which relief can be granted," Fed.R.Civ.P. 12(b)(6). Dismissal based on Eleventh Amendment immunity is not under Fed.R.Civ.P. 12(b)(1) subject-matter jurisdiction; rather, the Eleventh Amendment itself provides the controlling legal authority for dismissing a defendant or a claim. *Ernst v. Roberts,* 379 F.3d 373,

392 (6th Cir.2004). Under FED.R.CIV.P. 12(b)(6), a complaint may be dismissed for failure to state a cognizable legal theory or for failure to state sufficient facts under a cognizable legal theory. *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001).

In reviewing the sufficiency of a complaint, the court must assume the truth of all factual allegations and construe them in light most favorable to the non-moving party. *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir.2002). The court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of which the court takes judicial notice. *U.S. v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987). Also, "when the allegations of the complaint are refuted by an attached document, the Court need not accept the allegations as being true." *Roth v. Garcia Marquez,* 942 F.2d 617, 625 n. 1 (9th Cir.1991). Furthermore, "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. County of Los Angeles,* 119 F.3d 778, 783 n. 1 (9th Cir.1997).

## DISCUSSION

### I. Eleventh Amendment Immunity

Defendants argue to the extent Plaintiff seeks damages against them in their official capacities, such claims should be dismissed. (Doc. 16–1.)

■ The Eleventh Amendment does not permit damage claims against state officers who are sued in their official capacities. *Dittman v. California,* 191 F.3d 1020, 1026 (9th Cir.1999). "A suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." *Florida Dep't of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 684, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982).

■ Here, Smith is seeking $200,000 in general damages, $300,000 in punitive damages, and a lien directly related to his claim for damages. (Doc. 1, at 7.) Further, McEwen, Janda, Kuzil–Ruan, and Lewis are state officials being sued solely in their official capacities. (Doc. 1, at 9–10.) Thus, this Court dismisses Smith's claims against McEwen, Janda, Kuzil–Ruan, and Lewis in their entirety.

Moreover, Jackson, Mejia, and Reyes are being sued in their official and individual capacities. (*Id.*) As against these defendants, Plaintiff's claims against them in their official capacities are dismissed.

Thus, this court **GRANTS** Defendants' motion to dismiss accordingly.

### II. Favorable Termination Doctrine

Defendants contend that Smith's Eighth Amendment claims are barred by the favorable termination doctrine. (Doc. 16.) The "favorable termination" doctrine applies to civil rights actions filed against state actors under 42 U.S.C. § 1983. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The doctrine bars a plaintiff's § 1983 suit, "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or

called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487, 114 S.Ct. 2364. The favorable termination doctrine may also apply to an inmate's claims that challenge the results of a prison disciplinary proceeding if the prospective relief sought will necessarily imply "the invalidity of a previous loss of good time credits." *Edwards v. Balisok,* 520 U.S. 641, 648–49, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). But insofar as the disciplinary action affects only a condition of confinement and not the sentence itself, the favorable termination doctrine does not apply. *Ramirez v. Galaza,* 334 F.3d 850, 856 (9th Cir.2003).

■ As Defendants McEwen, Janda, Kuzil–Ruan, and Lewis have been dismissed from Plaintiff's lawsuit, the remaining individual capacity claims are against Defendant Reyes, who allegedly assaulted and battered Plaintiff in violation of the Eighth Amendment, and Defendants Mejia and Jackson, who allegedly allowed and failed to report the alleged misconduct of Defendant Reyes in violation of their Eighth Amendment duty to protect Smith. This incident was the subject of a rules violation hearing on June 19, 2010, in which Plaintiff was found guilty of resisting Officer Reyes in the performance of his duties. (Doc. 1–1, at 27–31.) Both Officers Mejia and Jackson submitted reports in support of Officer Reyes' version of the events. (Doc. 1–1, at 29.) Plaintiff was found guilty of resisting a peace officer and assessed 90 days forfeiture of credits consistent with a division D offense and 90 days loss of phones. (Doc. 1–1, at 31.) Defendants argue that the favorable termination doctrine bars Plaintiff's claims against Reyes, Mejia, and Jackson because Plaintiff's main purpose of this suit is to invalidate the results of this administrative report which resulted in a loss of good-time credits. The Court agrees that the

allegations made by Plaintiff necessarily imply the invalidity of the deprivation of his good-time credits for unlawfully resisting a correctional officer during the performance of the officer's duties. Thus, the favorable termination doctrine applies and bars Plaintiffs suit unless Plaintiff first proves his conviction has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. Plaintiff has not put forth any evidence that his disciplinary offense has been overturned. As such, Plaintiff claims for money damages based on allegations of excessive force and failure to protect Plaintiff during this incident are not cognizable under § 1983. The Court GRANTS Defendants' motion to dismiss Defendants Reyes, Mejia, and Jackson on this ground.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED.** Plaintiff's Complaint is DISMISSED in its entirety.

IT IS SO ORDERED.