**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| KAUAI SCUBA CENTER, INC., | No. 11-56346 |
| Plaintiff - Appellant, | D.C. No. 8:10-cv-01579-DOC-MAN |
| v. | |
| PADI AMERICAS, INC., *et al.*, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted April 12, 2013
Pasadena, California

Before: BERZON and TALLMAN, Circuit Judges, and ROSENTHAL, District
Judge.[**]

Kauai Scuba Center, Inc. ("Kauai") appeals from the dismissal with prejudice

of its class action complaint asserting state law claims for misrepresentation, breach

of contract, breach of fiduciary duty, and deceptive trade practices arising from the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided
by 9th Cir. R. 36-3.

[**]      The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for Southern
Texas, sitting by designation.

purchase of commercial general liability ("CGL") and property damage ("PD") insurance policies for scuba diving shops. The appellees are Vicencia & Buckley Insurance Services, Inc. ("V&B"),[1] an insurance broker; Lexington Insurance Co. ("Lexington"), the surplus lines insurer that issued the group policies; PADI Americas, Inc. ("PADI"),[2] a scuba diving certification organization that sponsored the policies; and York Risk Services Group, Inc. ("York"), an insurance claims administrator and adjuster. Kauai sued on its own behalf and on behalf of all similarly situated dive shops that purchased such group policies. The District Court dismissed Kauai's original complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. After two amended complaints, the District Court found that the allegations were still deficient and granted the defendants' motions to dismiss, with prejudice and without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a dismissal for failure to state a claim under Rule 12(b)(6). *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility requires facts that "allow[ ]

[1] V&B refers to Vicencia & Buckley and also PADI Risk Purchasing Group, Inc.

[2] PADI refers to PADI Americas, Inc. and PADI Worldwide Corp.

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Kauai paid annual premiums and was named as an additional insured on master policies between Lexington and PADI. Kauai alleged that under the master policies in effect from 2006 through 2010, PADI, not Lexington, was required to pay the first $300,000 in covered losses. The policy language, however, made clear that only the PD coverage for policy years 2006–2007 through 2009–2010, not the CGL coverage, required PADI to pay the first part of covered claims. The language also made clear that the part PADI was required to pay was a $300,000 annual aggregate of the claims of all additional insureds.[3]

In 2010, Kauai received $88,000 in payment for a fire damage claim under its PD policy. That is the only claim Kauai made under the policies. There is no dispute about the payment for that claim.

---

[3] The District Court properly considered the policies, which were attached as exhibits to a motion to dismiss. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (explaining that a district court ruling on a motion to dismiss may venture beyond the pleadings to consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

Kauai alleged that the defendants misrepresented the insurance by failing to disclose PADI's payment obligation. In its first amended complaint,[4] Kauai alleged damages on the theory that, as a result, coverage was "illusory." In its second amended complaint, Kauai alleged that a policy imposing significant claim-payment responsibility on PADI, the named insured, as opposed to the insurer, was worth less than a policy without such a provision, and that Kauai had overpaid its premiums as a result.

The District Court correctly dismissed the complaints for failure to state a claim. Kauai failed to allege an actionable misrepresentation. The claim payment provision did not affect Kauai's rights under its insurance contract with Lexington. The provision did not affect the type or amount of coverage Kauai paid for and received. *See generally Paper Savers, Inc. v. Nacsa*, 51 Cal. App. 4th 1090, 1097 (Ct. App. 1996) ("'[I]t is an insurer's duty to inform the insured of his rights and obligations under the policy, particularly when an insured's apparent lack of knowledge may result in a loss of benefits or a forfeiture of rights.'" (quoting *Jones v. Grewe Life Ins. Co.*, 189 Cal. App. 3d 950, 955 (Ct. App. 1987))); *Eddy v. Sharp*, 199 Cal. App. 3d 858, 866 (Ct. App. 1988) (explaining that an insurance broker is

---

[4] Kauai amended its original complaint once before the defendants moved to dismiss. The amendments were not substantive.

4

"under a duty of due care to accurately inform [the insured] of the policy's provisions" about what is covered and excluded by a policy).

Nor has Kauai pleaded an actionable loss. Kauai did not allege that had it known about the provision requiring PADI to pay a portion of the annual aggregate claims, it would have foregone purchasing the insurance. On appeal, Kauai argued that "[h]ad the true nature of the arrangement been disclosed, Plaintiff and the class would have sought legitimate coverage elsewhere, and clearly would not have paid the prices they did." But none of Kauai's allegations plausibly show that dive-shop insurance with comparable coverage but without the provision at issue was available at a lower premium. *See, e.g.*, *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1591 (Ct. App. 2008) (holding that plaintiffs who challenged sales commissions on insurance policies but did not allege that "they could have bought the same insurance for a lower price either directly from the insurer or from a licensed agent" could not "show[ ] they suffered actual economic injury"). And Kauai acknowledged that it needed the insurance as a condition for maintaining PADI certification of the dive shop.

The District Court gave Kauai ample opportunity to cure the defects in its pleadings after pointing them out. The second amended complaint failed to do so. In light of Kauai's allegations, further leave to amend would have been futile. *See, e.g.*,

5

*U.S. Mortg., Inc. v. Saxton*, 494 F.3d 833, 843 n.11 (9th Cir. 2007) (explaining that when a court has "already given plaintiffs one chance to amend, and plaintiffs essentially re-pled the same facts and legal theories," it is not an abuse of discretion to find that further leave would be futile), *abrogated on other grounds by Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208 (9th Cir. 2009). The District Court's dismissal is

AFFIRMED.