**Sarah MENDEZ, On Behalf Of Herself And All Others Similarly Situated, Plaintiff,**

**v.**

**OPTIO SOLUTIONS, LLC dba Qualia Collection Services, Defendant.**

**Case No.: 16–CV–1882–AJB–KSC**

United States District Court,
S.D. California.

Signed 11/28/2016

Albert R. Limberg, Law Office of Albert R. Limberg, Ronald Marron, Kas L. Gallucci, Law Office of Ronald Marron, San Diego, CA, for Plaintiff.

Tomio B. Narita, Jeffrey Alan Topor, Jennifer Lawdan Yazdi, Simmonds & Narita LLP, San Francisco, CA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAIL-URE TO STATE A CLAIM

Hon. Anthony J. Battaglia, United States District Judge

Presently before the Court is a motion to dismiss for failure to state a claim for which relief may be granted filed by Defendant Optio Solutions, LLC doing business as Qualia Collection Services ("Optio"). (Doc. No. 10.) Plaintiff Sarah Mendez ("Mendez") opposes the motion. (Doc. No. 12.) Having reviewed the parties' moving papers and controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers and without oral argument. For the reasons set forth below, the Court **GRANTS** Optio's motion.

### BACKGROUND

This dispute, styled as a class action, arises from phone calls Optio made to Mendez using an automatic telephone dialing system ("ATDS") and artificial or prerecorded voice. Mendez asserts that over an undefined period of time beginning around at least October 2015, she began to receive unsolicited phone calls from Optio even though she never provided Optio with her cellular phone number and had no accounts or other relationship with Optio. (Doc. No. 1 ¶ 17.) Mendez alleges Optio called her at least 120 times. (*Id.* ¶ 19.) Mendez further alleges Optio used an ATDS and artificial or prerecorded voice to make these calls. (*Id.* ¶ 20.) She points to the number of calls she received, the prerecorded voice messages' generic nature, and the fact that the voice messages began in the middle of the messages as evidence of Optio's use of an ATDS. (*Id.* ¶¶ 21–22.)

Mendez instituted this action by filing the operative complaint on July 25, 2016, alleging negligent and willful violations of the TCPA. (Doc. No. 1.) Optio filed the instant motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on September 2, 2016. (Doc. No. 10.) Mendez filed an opposition, (Doc. No. 12), and Optio replied, (Doc. No. 13). This order follows.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiffs must also plead, however, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true "merely because they are cast in the form of factual allegations." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## DISCUSSION

### I. The Parties' Requests for Judicial Notice

As an initial matter, both parties request the Court take judicial notice of unpublished slip opinions that are not available on legal search engines and transcripts from hearings. (Doc. No. 10–2; Doc. No. 12 at 16 n.2.) There are three types of evidence which a court may properly consider on a motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The first type is "documents attached to the complaint[.]" *Id.* The second type is evidence that is the proper subject of judicial notice under Federal Rule of Evidence 201. *Id.* The Court may take judicial notice of facts "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed." Fed. R. Evid. 201(b). The third type is "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

The parties assert judicial notice of these opinions and transcripts is proper because they are not subject to reasonable dispute. (Doc. No. 10–2 at 2; Doc. No. 12 at 16 n.2.) "Judicial notice of court records is routinely accepted." *Rowland v. Paris L.V.*, No. 3:13–cv–02630–GPC–DHB, 2014 WL 769393, at *3 (S.D. Cal. Feb. 25, 2014). However, while the Court "may take judicial notice of the existence of unrelated court documents, . . . it may not take judicial notice of such documents for the truth of the matter asserted therein." *In re Bare Escentuals, Inc. Secs. Litig.*, 745 F.Supp.2d 1052, 1067 (N.D. Cal. 2010). Here, the parties are not asking the Court

to merely judicially notice the existence of the unpublished slip opinions, but of their contents. Furthermore, there is a significant amount of authority available through the legal search engines on this issue. For these reasons, the Court **DENIES** the parties' requests.

## II. Dismissal For Failure To State A Claim

■ Optio asserts that dismissal is warranted because Mendez has failed to plead even the most basic facts of her TCPA claim, a failure that prohibits Optio from being provided fair notice of Mendez's claims or from intelligently answering the complaint. (Doc. No. 10–1.) Specifically, Optio contends Mendez does not identify her cellular phone number, the dates and times she received the collection calls, or the original creditor, and she fails to allege Optio used an automated telephone dialing system ("ATDS") to make the calls. Mendez retorts that for purposes of the present motion, the complaint is sufficiently pleaded and that the information Optio seeks will be obtained through the discovery process. (Doc. No. 12.)

■ To properly plead a TCPA claim for calls made to a cellular phone, a plaintiff must plead the following three elements: "(1) the defendant called a cellular telephone number; (2) using an [ATDS or an artificial or prerecorded voice]; (3) without the recipient's prior express consent."[1] *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)).

The first aspect of Optio's challenge to the complaint does not attack the sufficiency of Mendez's allegations as they relate to any element of her claim. Rather, Optio argues that it has not been provided with fair notice of Mendez's claims in that it cannot identify from the sparse allegations the calls which form the basis for her complaint.

The Court agrees with Optio to an extent. The factual allegations contained in the complaint are few and far between: (1) Mendez started to receive calls to her cellular phone number starting around at least October 2015, (Doc. No. 1 ¶ 17); (2) the calls concerned collection of an alleged debt, (*id.*); (3) she received at least 120 calls, (*id.* ¶ 19); (4) the voice messages were "generic in nature," (*id.* ¶ 22); and (5) the voice messages began mid-message, (*id.*).

In order for Optio to competently answer the complaint, it is necessary that it be able to identify those calls which form the basis for its potential liability. The five facts included in Mendez's complaint do not provide Optio with this ability. Optio would be hard pressed to search its records and identify pertinent phone calls when the plaintiff has a fairly common last name and provides only a vague timeframe of when the calls allegedly began. The failure to include some information to assist Optio in identifying potentially relevant calls renders Mendez's TCPA claims "just shy of a plausible entitlement to relief" that cannot be cured through the discovery process. *Bell Atl. Corp.*, 550 U.S. at 559, 127 S.Ct. 1955; *see also Iqbal*, 556 U.S. at 686, 129 S.Ct. 1937 ("Because respondent's complaint is deficient under

---

1. Mendez expends great effort discussing why prior express consent is more appropriately considered an affirmative defense and not an element of her claim. (Doc. No. 12 at 12–13 & n.1.) The Court finds it need not entertain this argument at this juncture given that Optio does not seek dismissal for failure to plead prior express consent. No. 1 ¶¶ 17, 19, 21, 22, 25.) The Court therefore concludes similarly to *Baker* and the cases upon which it relies. *See Baker*, 2014 WL 880634, at *3 (collecting cases).

Rule 8, he is not entitled to discovery, cabined or otherwise.").

The Court does not believe, however, that either the TCPA or Rule 8(a)(2) require the level of detail Optio demands. To order Mendez to provide her complete cellular phone number, as well as specific dates and times for the calls and messages received, would elevate the pleading standard to that which applies to non-fraud claims. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). It would also run contrary to many decisions from this district that hold contrarily. *See, e.g., Robbins v. Coca–Cola–Company*, No. 13–CV–132–IEG(NLS), 2013 WL 2252646, at *2 (S.D. Cal. May 22, 2013) ("Defendant contends these allegations fail to allege a call under the TCPA because they fail to specify the precise time, content, and context of the subject text messages. ... But the language of the TCPA makes no reference to the time, content, sequence, or volume of calls or messages as a prerequisite to liability[.]"); *Robinson v. Midland Funding, LLC*, No. 10cv2261 MMA(AJB), 2011 WL 1434919, at *3 (S.D. Cal. Apr. 13, 2011) ("federal 'notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context' of every telephone call" (quoting *Kramer v. Autobytel, Inc.*, 759 F.Supp.2d 1165, 1172 (N.D. Cal. 2010))).[2]

Balancing the foregoing, and bearing in mind the private nature of one's cellular phone number and the public nature of a complaint, the Court finds it reasonable to require Mendez to disclose in her complaint a redacted version of the phone number at issue, such as the phone number's last four digits. Here, including this fact, coupled with those facts already included in the complaint, will provide Optio fair notice of Mendez's claims. That is all that Rule 8(a)(2) requires. On this basis, the Court **GRANTS** Optio's motion.[3][4]

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Optio's motion to dismiss and **DISMISSES** the complaint **WITHOUT**

---

**2.** Both sides spend much time arguing the persuasiveness of unpublished, out-of-circuit district court opinions. The Court accords these decisions little weight in light of the plethora of district court decisions from within the Ninth Circuit.

**3.** The Court disagrees with Optio's contention that pleading her cellular phone number is an essential element of Mendez's TCPA claim. (Doc. No. 13 at 6.) While it is true that only the "called party" has standing to assert a TCPA claim, Mendez has clearly alleged that she was the party who received Optio's unsolicited phone calls and she incurred a charge for these calls. (Doc. No. 1 ¶¶ 17, 23.) *See Olney v. Progressive Cas. Ins. Co.*, 993 F.Supp.2d 1220, 1225–26 (S.D. Cal. 2014) ("the regular user of a cellular telephone has standing to bring a claim under the TCPA").

**4.** Based on this conclusion, the Court need not reach Optio's alternative argument that Mendez fails to allege facts to support the use of an ATDS or artificial or prerecorded voice. If the Court were to reach this argument, however, the Court finds the case law of this circuit supports Mendez's position that her complaint is adequately alleged on this ground. For example, the defendant in *Baker v. Caribbean Cruise Line, Inc.* sought dismissal of the plaintiff's TCPA claim for failure to allege use of an ATDS or artificial or prerecorded voice. No. CV 13–8246–PCT–PGR, 2014 WL 880634, at *3 (D. Ariz. Mar. 6, 2014). The court rejected the defendant's argument, finding the allegations adequate where the plaintiff alleged that (1) the defendant placed calls to his cell phone "in an attempt to solicit its products and services"; (2) the plaintiff "heard a prerecorded message delivered by" the defendant when he answered the calls; (3) the plaintiff never provided his phone number or consent to the defendant; and (4) the plaintiff did not have "prior business relations with" the defendant. *Id.* Here, the complaint contains similar allegations. (Doc.

PREJUDICE. (Doc. No. 10.) Mendez must file an amended complaint, curing the deficiencies noted herein, within *fourteen days of this order's issuance.* Failure to do so will result in dismissal of this action with prejudice.

IT IS SO ORDERED.

